W. J. BURNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALEXANDER BAILLIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. ALEXANDER BAILLIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4753, 4784, 4783. Promulgated July 9, 1928.

*Warren Olney, Jr., Esq., J. M. Mannon, Jr., Esq.*, and *A. Crawford Greene, Esq.*, for the petitioners.

*Granville S. Borden, Esq.*, for the respondent.

1210

## OPINION.

MILLIKEN: The facts were stipulated and our findings of fact follow the stipulation. There is but one question presented for decision and that is whether a partner who makes his tax returns on a cash receipts and disbursements basis is entitled to take as a credit under section 222 of the Revenue Act of 1918, the amount of income, war-profits and excess-profits taxes due from the partnership to a foreign country, but which were not paid within the taxable year, the books of the partnership being kept on an accrual basis. Incidental to this is the question whether such taxes were obligations of the partnership or of the individual partners.

The method of reporting partnership gains is provided by section 218(a) and section 224 of the Revenue Act of 1918. These provisions read:—

SEC. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a

period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

The partner shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the partnership.

Sec. 224. That every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners.

While a partnership, as such, is not made liable by the Revenue Act of 1918 for the payment of income taxes and therefore, strictly speaking, is not in this respect a taxable entity, it is nevertheless an entity, the income from which is computed and taxed in a manner peculiar to such organizations. A partnership is required by section 224 to make and to file a return and a partner is taxed on his share of the income of the partnership whether he actually receives it or not, irrespective of the fact that such partner keeps his accounts and makes his returns on a cash basis. This is also true of such a partner, even though the partnership keeps its books on an accrual basis. See *Percival H. Truman*, 3 B. T. A. 386; *John F. Cook*, 4 B. T. A. 916; and *Laurence D. Miller*, 7 B. T. A. 581.

There is another distinctive feature of the taxation of partnership income. A partner is required to report as income not what he may have actually received from the partnership during his taxable year nor, if the partnership is upon an accrual basis, his share of such income as may have accrued during such year, but is required to report his share of the partnership income for the whole accounting period of the partnership which falls within his taxable year. Thus, one keeping his books on a calendar year basis, and who was a member of a partnership which kept its books on the basis of a fiscal year, was required to report as taxable income his share of the net profits of the partnership for its entire accounting period, which ended within his taxable year, although he had in fact received a part of his share during his preceding taxable year. *J. H. Goadby Mills*, 3 B. T. A. 1245.

We have in this proceeding the peculiar situation of partners on the cash basis making returns of their partnership income on the accrual basis and at the same time returning their other individual income on the cash basis. Both these methods are required of petitioners by the Revenue Act. Congress, while not imposing the tax

upon the partnership, has given full recognition to the fact that such an organization is an entity and has provided that partnership income shall be taxed in a manner peculiar to such entities and has segregated such income from all other individual income. Under these circumstances, a partner should not be denied a right to the credits provided by section 222, which are inseparably connected and interwoven with his share of the partnership income, unless there is something in the statute which demands such a construction. The following are the pertinent parts of the Revenue Act of 1918 with reference to credits:

SEC. 200. That when used in this title— ,

\* \* \* \* \* \* \*

The term "paid," for the purposes of the deductions and credits under this title, means "paid or accrued" or "paid or incurred," and the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(3) Taxes paid or accrued within the taxable year imposed \* \* \*; or (d) in the case of a citizen or resident of the United States, by the authority of any foreign country, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; \* \* \*.

SEC. 222. (a) That the tax computed under Part II of this title shall be credited with:

(1) In the case of a citizen of the United States, the amount of any income, war-profits and excess-profits taxes paid during the taxable year to any foreign country, upon income derived from sources therein, or to any possession of the United States; and

\* \* \* \* \* \* \*

(4) In the case of any such individual who is a member of a partnership or a beneficiary of an estate or trust, his proportionate share of such taxes of the partnership or the estate or trust paid during the taxable year to a foreign country or to any possession of the United States, as the case may be.

(b) If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Commissioner who shall redetermine the amount of the tax due under Part II of this title for the year or years affected, and the amount of tax due upon such redetermination, if any, shall be paid by the taxpayer upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. In the case of such a tax accrued but not paid, the Commissioner as a condition precedent to the allowance of this credit may require the taxpayer to give a bond with sureties satisfactory to and to be approved by the Commissioner in such penal sum as the Commissioner may require, conditioned for the payment by the taxpayer of any amount of tax found due upon any such redetermination; and the bond herein prescribed shall contain such further conditions as the Commissioner may require.

A taxpayer is permitted by subdivision (b) of section 222 to accrue such foreign taxes where his books are kept on an accrual basis. See *Mead Cycle Co.*, 10 B. T. A. 887.

To meet the facts of this proceeding, we should, under the provisions of section 200, substitute in section 222(a)(4) the term "accrued" for the term "paid." When so read, it is clear that the accrued taxes therein referred to are the taxes due from the partnership. The taxes there referred to are taxes of the partnership. A partner is allowed credits for accrued taxes not on condition that he pays or accrues the taxes, but on the condition that the partnership pays or accrues the taxes. No valid distinction can be drawn in such a case between taxes actually paid by the partnership and those which it accrues. In both cases, the individual partner is entitled to the credit. To deny petitioners the right to these credits on the sole ground that the credits pertained to the individual partners, who were on a cash basis, would be to read into the statute words which are not there; to introduce a new element into the scheme of taxation of partnership income; to separate from the partnership income the vital factor of partnership taxes, the deduction of which is denied by section 214(a)(3); to distort the partnership income; and, finally, to inflict the wrong which Congress sought to remedy—the double taxation of the same income for the same year.

Of course, a partnership can accrue only liabilities of the partnership. It can not accrue liabilities of the individual partners. This brings us to the question whether the British and the Canadian income taxes involved herein were the liabilities of the partnership or of the individual partners. These taxes were imposed under statutes of foreign countries. Such statutes do not prove themselves but must be proven as facts. The same is true of the unwritten law of such countries. Jones on Evidence, secs. 502, 503. With respect to the British and Canadian statutes, all we have before us is the stipulation of the parties and parts of certain British and Canadian statutes which were added as appendices to the brief filed in behalf of petitioner, and which we have set forth in our findings of fact. The stipulation reads:

It is further hereby stipulated and agreed that all British and Canadian tax laws and statutes shall be considered as in evidence and that the counsel for the taxpayers or for the Commissioner may refer to and quote from and rely upon any printed official copy of the same in the same manner as laws and statutes of the United States.

In the brief filed in this proceeding in behalf of respondent it is stated:

Certain provisions of the British and Canadian laws may be considered part of the evidence and these statutes are set forth as Appendix A and Appendix B in the brief submitted by the petitioners.

We accept as proven the statutes set forth in petitioners' brief, which respondent agrees may be read in evidence. Beyond that we have no right to go, since no other statutes or laws have been introduced in evidence and proven. Parties can not by omnibus stipulation covering all the laws of a foreign country introduce all such laws in evidence any more than they can introduce in evidence the books of a corporation by stipulating that the Board may go to its office and search them. We, therefore, repeat that we confine our-. selves to the statutes which have been specifically agreed upon as the statutes of the United Kingdom and of Canada.

Confining ourselves strictly to the proven laws of these foreign countries, we are of opinion that the British statute imposed a tax on partnerships such as the one involved in this proceeding. Section 10(2) of the Finance Act, 1914 (4 & 5 Geo. 5, ch. 10), provides that the firm "shall be assessable" and if one or more of the members of the firm are residents of the United Kingdom, "an assessment may be made on said firm in respect of the said profits in the name of any partner resident in the United Kingdom." Section 12(2) of the Income Tax Act, 1918 (8 & 9 Geo. 5, ch. 40), contains similar provisions. The British tax was assessable or chargeable against the firm and might be assessed against a resident partner for the purpose of insuring collection. On the other hand, section 4(3) of the Canadian Act of 1919, amending the War Income Tax Act of 1917 provides, "Any persons carrying on business in partnership shall be liable for the income tax only in their individual capacity; * * *." The construction we have placed on these tax statutes is borne out by the stipulation of the parties. It is stipulated as to the Canadian tax that "the partners paid" the tax and as to the British taxes that "the partnership paid" the taxes.

Since the British taxes were obligations of the partnership and since the partnership was on an accrual basis, it had the right to accrue these taxes and deduct them from the share of each petitioner and this right in turn inured to the benefit of each petitioner. Petitioners are entitled to credit the British taxes as against their domestic income taxes for the periods for which the British taxes were assessed and for which they were accrued.

On the other hand, since the Canadian tax was an obligation not of the partnership but of each individual partner, and since each of the petitioners was on a cash basis, none of them possesses the right to credit such tax against his income tax, except in the year in which such tax was paid, and since the tax was paid in 1920, which is not involved in this proceeding, the right of credit as to the Canadian tax must be denied. See *Albert D. Hewinson*, 1 B. T. A. 1080, and *William T. Rich*, 11 B. T. A. 1320.

The British taxes were accrued on the books of the partnership. The exact amount of the taxes has since that time been ascertained and they have been paid. The amounts set up on the books were in excess of the amounts ascertained and paid. In *Producers Fuel Co.*, 1 B. T. A. 202, we said with reference to a similar situation:

With these facts before us, and for the purpose of determining the final net taxable income of the taxpayer for the year 1920, the amounts of damages and losses as finally determined must now be substituted for the estimate originally made, and in place of the deductions claimed by the taxpayer in his return and disallowed by the Commissioner the losses and damages as finally settled must be allowed as the deduction contemplated by the law.

The amounts actually paid should, therefore, be substituted for the amounts accrued. For the same reason the rate of exchange on the date of each payment should be used in computing the amount paid.

*Judgment will be entered under Rule 50.*