FRITZ HILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. FRED BUECHNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32338, 32339. Promulgated April 6, 1931.

*Benjamin Mahler*, Esq., and *Isidore Schlanger*, C. P. A., for the petitioners.

*Maxwell E. McDowell*, Esq., for the respondent.

1080

## OPINION.

MATTHEWS: Under the terms of the letter of hypothecation, the partnership of Hill & Buechner as constituted after June 30, 1921, was liable to the International Banking Corporation in case the pro-

ceeds of goods held as collateral security were insufficient to cover the advances which had been made on drafts drawn by the partnership of Hill & Buechner as constituted prior to June 30, 1921.

In amended petitions filed at the hearing, both petitioners allege that the liability to repay the International Banking Corporation the sum of $65,672.77 accrued and became fixed in 1923; that it was a liability of the firm of Hill & Buechner which had been contingent since 1920, but which became definite in 1923; and that the firm of Hill & Buechner was entitled to take as a deduction in 1923 the sum of $65,672.77, either as a bad debt upon the failure of Dent & Company, or as a loss upon such failure and resulting liability to the International Banking Corporation in this amount.

The respondent contends that, since each of the petitioners kept his books on the cash basis, no loss was sustained by the petitioners until the notes were actually paid.

Section 218 of the Revenue Act of 1921 provides in part as follows:

SEC. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year * * *.

* * * * * *

(c) The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 * * * (with an exception not here pertinent).

In *Percival H. Truman*, 3 B. T. A. 386, we held that a partner who keeps his books on the cash basis is required to report his distributive share of the partnership income computed on the accrual basis, if that is the basis adopted by the partnership for keeping its books and reporting its income, when no question is raised that such methods do not correctly reflect the income of the partnership.

We believe that the facts of this case support the position of the petitioners set out in the amended petitions. The books of the partnership were kept on the accrual basis. Under the terms of the letter of hypothecation the partnership became liable in 1923 to pay to the International Banking Corporation a definitely ascertained amount and this accrued liability of the partnership was deductible as a loss in computing the net income of the partnership for 1923.

The petitioners agreed to pay the outstanding liability to the International Banking Corporation and executed notes maturing in 1924, 1925, and 1926. The execution of personal notes by the partners in 1923 amounted to a satisfaction of the partnership liability to the International Banking Corporation. The fact that no entry was made with respect to the transaction on the books of the partnership does not operate to deny the partnership the right to deduct the loss.

Inasmuch as this loss is in excess of the net income reported by the partnership, there will be a partnership loss which will be divisible by the partners in the same proportion as net income was divided by them.

The correct tax liability of each petitioner should be redetermined by disallowing the amount claimed as an individual loss sustained in 1923 and by recomputing the distributive share of partnership income so as to allow to each petitioner the benefit of his proportionate share of the net loss of the partnership for the taxable year.

*Judgment will be entered under Rule 50.*