ENRIGHT'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 7320.

Circuit Court of Appeals, Third Circuit.

June 17, 1940.

BIGGS, Circuit Judge, dissenting.

McDermott, Enright & Carpenter, of Jersey City, N. J. (James D. Carpenter, Jr., of Jersey City, N. J., of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to the Atty. Gen., for respondent.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals. Section 42 of the Revenue Act of 1934, 26 U.S.C.A.Int. Rev.Code, § 42, provides, inter alia, that "In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period." The question now raised is whether, in the case of a deceased taxpayer who was a member of a partnership which kept its accounts and made its returns on a cash basis, there must be included in the decedent's return his share in partnership income earned but not yet received by the partnership in cash or reported in its income tax return and not distributable to him under the partnership agreement.

John M. Enright, the petitioners' decedent, was a member of a partnership of lawyers which kept its accounts and made its tax returns on the cash receipts and disbursements basis. Their partnership agreement provided that the earnings of the firm distributable to the partners should be determined annually on the basis of cash receipts and disbursements. Enright also made his returns on the cash basis. When he died on November 19, 1934, his distributable interest in the partnership's cash on hand was $4,143.81, and this was reported in the income tax return filed for him for the year 1934 as income accrued to him from the partnership, in addition to the income actually received by him from the firm during that year. It appeared that his interest in the collectible accounts receivable of the firm was $2,055.55 and in fees earned in whole or in part but not yet billed to or received from clients was $40,855.77. This sum of $42,911.32 the Commissioner added to the decedent's taxable income under Section 42 as an amount accrued up to the date of his death. The Board of Tax Appeals upheld the Commissioner. We think it erred in so doing.

The Board said in its memorandum opinion that the effect of the provision of Section 42 of the Revenue Act which we have quoted above "was to require that the deceased be placed upon an accrual basis at the date of his death." We agree that this was its effect. It follows that the decedent's taxable income should have been computed in the same way it would have been had he been alive and regularly making his returns on the accrual basis.

We think the Board fell into error in failing to treat the partnership as a tax computing unit separate from its member, Enright. That the Revenue Act requires that a partnership be so treated is clear from its provisions for the computing of partnership income and the filing of partnership returns and has been recognized by the courts.[1] Thus a partnership may make its return for a taxable year different from that of its members,[2] and it may likewise make its returns upon an accounting basis different from that used by the individual partners.[3]

Section 182 of the Revenue Act, 26 U.S.C.A.Int.Rev.Acts, p. 728, provides that "There shall be included in computing the net income of each partner his distribu-

---

[1] Guaranty Trust Co. v. Commissioner, 303 U.S. 493, 58 S.Ct. 673, 82 L.Ed. 975; Johnston v. Commissioner, 2 Cir., 86 F.2d 732, certiorari denied 301 U.S. 683, 57 S.Ct. 784, 81 L.Ed. 1341; Archbald v. Commissioner, 27 B.T.A. 837, affirmed, 2 Cir., 70 F.2d 720, certiorari denied 293 U.S. 594, 55 S.Ct. 109, 79 L.Ed. 688.

[2] Sec. 188, Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts p. 729.

[3] Truman v. United States, D.C., 4 F. Supp. 447; Fritz Hill v. Commissioner, 22 B.T.A. 1079; W. J. Burns v. Commissioner, 12 B.T.A. 1209; Appeal of Percival H. Truman, 3 B.T.A. 386.

tive share, whether distributed or not, of the net income of the partnership for the taxable year." This is in effect a direction that even though a partner is on the cash basis of accounting he must nevertheless use the accrual method in accounting for his income from the partnership. But the partnership income which accrues to him and for which he must account is only that shown to be distributable to him by the partnership return prepared pursuant to the partnership agreement, since it is only that distributable income which he has the right to receive. "Keeping accounts and making returns on the accrual basis, as distinguished from the cash basis, import that it is the right to receive and not the actual receipt that determines the inclusion of the amount in gross income. When the right to receive an amount becomes fixed, the right accrues." Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 184, 54 S.Ct. 644, 645, 78 L.Ed. 1200.

In the present case under the partnership agreement as reflected in the partnership accounts and returns Enright had the right to receive only his proportionate share of the cash receipts of the firm. Of these only $4,143.81 remained distributable to him at his death. We think it is clear from what has been said that this sum represented the partnership income accrued to him up to the date of his death within the meaning of Section 42 of the Revenue Act. In our opinion that section did not require the inclusion as "amounts accrued" of the uncollected accounts receivable and unbilled fees which under the partnership's agreement and its accounting method were not distributable to him. The only previous consideration of this question which we have found appears in an article entitled "Accruals to Date of Death for Income Tax Purposes" by Charles C. Parlin appearing in 87 U. of Pa.Law Review, p. 295. After a full discussion of the problem the author reaches the same conclusion to which we have come.

The decision of the Board of Tax Appeals is reversed.

BIGGS, Circuit Judge (dissenting).

I must dissent respectfully from the opinion expressed by the majority of the court for the following reasons.

Section 42 of the Revenue Act of 1934 is clear and explicit. It provides, among other things, that upon the death of a taxpayer there shall be included in computing net income for the taxable period in which falls his death, "amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period." The purpose of Congress in enacting the Statute also is plain.[1] It was to tax income accrued prior to the death of a decedent who was on a cash basis, such income frequently having been held by the courts to be received by the estate as capital.

The majority seems to me to interpose an entirely fictitious barrier to the operation of Section 42. They say that because Enright, alive, could not have received his proportionate part of the partnership income until distribution of it was made in accordance with the partnership agreement, the income here sought to be taxed cannot be treated as accrued up to the date of his death, relying upon Section 182 of the Revenue Act. Enright is dead, however, and the question for our determination is whether the income here taxed "accrued up to the date of his death". An examination of the partnership agreements, particularly paragraph 5 of the supplemental contract entered into by the partners upon January 2, 1934, as well as the eighth item of Enright's will, the partnership agreement entered following Enright's death, and Revised Statutes of New Jersey 42:2-24, N.J. S.A. 42:2-24, makes it clear that the sums taxed by the decision of the Board were intended by the interested parties to be treated as accrued up to the date of Enright's death. Assuming that Section 182 of the Revenue Act is entitled to the interpretation given to it in the majority opinion, none the less I cannot conclude that such an interpretation is pertinent to the issue at bar in the light of the agreements and course of conduct between Enright and his partners.

I conclude that the case at bar is governed by the decisions of the Supreme Court in Bull v. United States, 295 U.S. 247, 254, 55 S.Ct. 695, 79 L.Ed. 1421, and in Guaranty Trust Company v. Commissioner, 303 U.S. 493, 58 S.Ct. 673, 82 L.Ed. 975. The decision of the Board of Tax Appeals should be affirmed.

---

[1] See H. Rep. No. 704, 73d Cong. 2d Sess. p. 24 and S. Rep. No. 558, 73d Cong. 2d Sess. p. 28.