THE UNITED STATES, PLAINTIFFS IN ERROR V. ANDREW HACK, THOMAS SEWALL, AND JAMES WILKES, JUN., ASSIGNEES OF JOHN STOUFFER.

For the United States, the Attorney-General contended,

.Mr Justice THOMPSON delivered the opinion of the Court.

This cause comes up on a writ of error, from the circuit court of the United States for the district of Maryland. The action in the circuit court was, for the recovery of a sum of money, which came into the hands of the defendants, as as-

signees of John and Jacob Stouffer, who were partners in trade, and had become insolvent.

The material facts in the case, as agreed between the parties are :—That John Stouffer, one of the partners, is largely indebted to the United States on sundry judgments rendered against him on customhouse bonds. ' That at the date of said bonds, and at the time of the rendition of the judgments, he was a partner in trade with Jacob Stouffer, and so continued until the 19th day of May 1832, when they became embarrassed and insolvent, and executed a deed of trust, to and in favour of the defendants, for all their joint and partnership property,.for the benefit of their joint and partnership creditors, they having no private or individual estate. The property then assigned, is not sufficient to pay the partnership creditors ; but the undivided half of John Stouffer, now in the possession of the defendants, amounts to nine hundred and seventy-four dollars and seventy one cents.

Upon this state of facts, the question submitted to the circuit court was, whether the United States were entitled to recover from the defendants the sum of nine hundred and seventy-four dollars and seventy-one cents, being John Stouffer's half of the proceeds of the partnership estate.

Upon which the court gave judgment for the defendants.

It is claimed, on the part of the plaintiffs in error, that, under the provisions of the acts of congress, the United States, as judgment creditors of John Stouffer, are entitled to be first paid, to the extent of his share of the property, assigned to the defendants, in preference to the creditors of the partnership.

The act of congress, 3 vol. L. U. S. 197, sect. 65, declares, that when any bond for the payment of duties shall not be satisfied on the day it becomes due, the collector shall forthwith cause a prosecution to be commenced, &c. And in all cases of insolvency, or where any estate, in the hands of the executors, administrators or assignees, shall be insufficient to pay all the debts due from the deceased, the debt or debts due from the United States on such bonds, shall be first satisfied, &c.

The construction of this clause of the act of congress, has frequently come under the consideration of this court, although not under the circumstances in which it is now presented. It was held, at an early day,.in the case of the United States v.

Fisher and others, 2 Cranch 358, 1 Cond. Rep. 421, in the construction of a similar clause in the act of 3d March 1797, ch. 74, that no *lien* is created by this law. No bona fide transfer of property, in the ordinary course of business, is overreached.

And in a late case of Conard v. The Atlantic Insurance Company, 1 Peters 439 ; this question received a very full examination, and explanation of some former decisions which seem not to have been fully understood. And in the course of which it is observed : "What then is the nature of the privity thus limited and established in favour of the United States ? Is it a right which supersedes and overrules the assignment of the debtor, as to any property which the United States may afterwards elect to take in execution, so as to prevent such property from passing by virtue of such assignment to the assignee ? Or is it a mere right of prior payment, out of the general funds of the debtor, in the hands of the assignee ? We are of opinion, that it clearly falls within the latter description."

If then the debt of the United States is not a lien but only entitled to priority of payment out of the general funds of the debtor in the hands of the assignee, what are the funds. out of which this priority is set up in the present case ? They are not the funds of John Stouffer, the debtor of the United States, but of John and Jacob Stouffer, who have become insolvent, and having no separate property ; and the partnership property is insufficient to satisfy the partnership creditors. It is a rule too well settled to be now called in question, that the interest of each partner in the partnership property, is his share in the surplus, after the partnership debts are paid ; and that surplus only, is liable for the separate debts of such partner. And this is the rule in the exchequer in England, with respect to debts due to the crown. In the case of The King v. Sanderson, 1 Wightwick's Ex. Rep. 50, it was held, that upon an extent against one partner, the crown, like a separate private creditor, took the separate interest of the partner, subject to the partnership debts.

It has been a question very much litigated in England, and in this country, both in the courts of law and equity, as to the manner in which the separate creditor of one partner, was to avail himself of the share of such partner in the joint property of the firm, where the partnership is solvent. But whatever

course is adopted, it is the interest only of the separate partner that is taken, and always subject to the rights of the partnership creditors; 16 Johns. 106, and cases in note ; 2 Johns. Ch. 548 ; 4 Johns. Ch. 525 ; 2 Cond. Rep. 516. But that question does not arise here, as it is admitted that the partnership property is insufficient to pay the partnership debts. We entertain no doubt, therefore, that the United States are not entitled to recover the nine hundred and seventy-four dollars and seventy-one cents.

The judgment of the circuit court is accordingly affirmed.

This cause came on to be heard on the transcript of the record from the circuit court of the United States, for the district of Maryland, and was argued by counsel ; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court, in this cause be, and the same is hereby affirmed.