## Enix v. Hays.

1. **Partnership:** PROMISSORY NOTE. Defendant purchased certain cattle of plaintiff, supposing that they were the property of plaintiff and E. as copartners. At the request of E., he subsequently took up a note signed both by E. and plaintiff as makers, although, in fact, plaintiff was but a surety. As a matter of fact, there was no copartnership existing between E. and plaintiff. In an action for the purchase price of the cattle it was *held :*

    1. That E. and plaintiff were not bound to join in an action for the purchase price of the cattle.

    2. That the defendant should have made inquiry whether in fact plaintiff was principal on the note.

    3. That, there being no partnership in fact, defendant could not set off his payment of the debt of E. against the claim of plaintiff.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, APRIL 3.

THIS action was brought to recover $1,175 for certain cattle which plaintiff averred he had sold to the defendant.

The defendant denied that he had purchased said cattle from the plaintiff. He alleged that the plaintiff and one Pleasant Enix were equal partners in the ownership of the cattle, and that the sale was made from plaintiff and said Pleasant Enix, to defendant, as a partnership transaction, and that he had paid the partnership the full contract price.

Defendant further averred that the plaintiff and said Pleasant Enix were indebted to the First National Bank of Leon, on a promissory note executed by Pleasant Enix, John Enix (plaintiff herein) and one John B. Evans, for over $1,600; that at the special instance and request of said Pleasant Enix, on the part of himself and plaintiff (who were the principal makers of said note), defendant paid off and took up said note from said bank for the said Pleasant Enix and the plaintiff. The payment of this note is averred to be the purchase price of said cattle. This payment is also pleaded as a set-off against the claim made in the petition.

A jury was waived, and the cause was tried by the court. There was a special finding of facts by the court, of which, so far as is deemed material to this appeal, the following is the substance:

I. In the spring of 1875, the plaintiff and Pleasant Enix owned, each in his own right, certain cattle, which they were herding on the open prairie in Decatur county. The defendant had certain other cattle, and it was arranged that those belonging to all the parties should be herded together. The plaintiff and said Pleasant Enix always spoke of and talked about said cattle to defendant as their cattle, and the defendant supposed, and had good reason to believe, from his conversations with plaintiff and Pleasant Enix, that they owned the same in partnership. Afterwards the defendant, with the knowledge of Pleasant Enix, purchased certain cattle of the plaintiff, the price of which is now in controversy. As a matter of fact, the plaintiff was the sole owner of the cattle purchased by defendant.

II. Pleasant Enix was indebted to the First National

Bank of Leon in the sum of about $1,600, which debt was
evidenced by a note signed by said Pleasant Enix, John Enix
(the plaintiff herein), and one Evans as makers, but the
plaintiff and Evans were sureties on said note.   At the in-
stance and request of Pleasant Enix, the defendant paid off
said note, took it up, and subsequently delivered it to said
Pleasant Enix, believing, at the time, that his debt for the
cattle was owing to plaintiff and Pleasant Enix as copartners,
and which, from their conduct with reference thereto, he had
the right to believe.

III.   By proper inquiry, the defendant would readily have
ascertained that the debt to the bank was the individual debt
of Pleasant Enix, and he ought to have so known from the
circumstances under which it was paid.

IV.   There was a partnership existing between defendant
and said Pleasant Enix, in feeding, buying and selling cattle
and hogs, and upon a settlement of said co-partnership, in-
cluding said note paid to the bank, but excluding the price of
the cattle purchased from plaintiff by defendant, the said
Pleasant Enix will owe the defendant an amount greater than
the price of the cattle.

Upon these facts, the court found that the defendant was
entitled to set off, of the amount due him from Pleasant Enix,
a sum equal to one-half the purchase price of the cattle.  Both
parties excepted to this conclusion of law, and both appeal.

*Dashiell & Andrews* and *E. W. Haskett*, for plaintiff.

*Perry & Townsend*, for defendant.

ROTHROCK, CH. J.—I.   It is urged that the findings of fact
are inconsistent with the pleadings.   The record does not
contain the evidence.   Both parties concede that the facts
found are true.   They must have been established by evi-
dence and we must presume, in the absence of a showing
to the contrary, that no objection was made to the evidence,

and that the parties submitted the cause upon evidence tending to establish the facts found.

We will, therefore, determine the case as it was presented to the court below.

II. The defendant claims that there should be no recovery against him, because as to him the plaintiff and Pleasant Enix were partners in the ownership and sale of the cattle, and the action should have been brought by them as partners.

1. PARTNER-
SHIP : promis-
sory note.

The ready answer to this position is, that they were not in fact partners, and, while the defendant may have the right in making his defense to treat his purchase as a partnership transaction, he cannot claim that the parties to the supposed partnership shall join in the action as plaintiffs.

III. It is further urged by defendant that he was not bound to make inquiry whether plaintiff was principal or surety on the note held by the bank, but had the right to regard both the plaintiff and Pleasant Enix as principals. We think this position is not sound. The fact that the note was signed by the plaintiff, as a maker, cannot be claimed by defendant as a representation that plaintiff was a principal. Further than this, the court found that the defendant ought to have known that the note was the individual debt of Pleasant Enix, "from the circumstances under which it was paid."

The mere fact that the name appeared to the note as maker did not warrant plaintiff in assuming that he was a principal. He should have made inquiry.

IV. The plaintiff insists that the judgment should have been for the whole of the purchase price of the cattle.

The court found that, from the representations made by plaintiff and Pleasant Enix, the defendant had the right to hold them as partners. Whether as equal partners, each entitled to one-half of the proceeds of the cattle after the payment of the partnership debts, does not appear. In our

judgment, however, the interest of Pleasant Enix is immaterial, because there was no partnership in fact.

The cattle were owned by the plaintiff, in his own right. The defendant sought to discharge what as to him was a debt due from him to a partnership by a debt owing by one of the partners to him. To do this, he must show the extent of the interest of the debtor partner in the partnership property. It is not sufficient that he show generally that the parties held themselves out as partners. The interest of each partner in the partnership effects is his share of the surplus which may remain after satisfying the partnership creditors, and that share of the surplus only is liable for the separate debts of such partners. 8 Peters, 271.

If the defendant had in good faith paid the price of the cattle to Pleasant Enix, the plaintiff would be in no position to complain, for he led the defendant to believe that the cattle were partnership property; but when the defendant seeks to set off the individual debt of one of the partners, the question is, what share or interest in fact has the debtor partner in the partnership effects? Pleasant Enix had no interest in fact in the cattle, nor in the proceeds of the sale, to which defendant's claim against him could be applied.

REVERSED ON PLAINTIFF'S APPEAL.