CUTLER HARDWARE CO. v. HACKER et al.

In re F. J. HACKER & CO.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1916.)

No. 4585.

1. JUDGMENT ⊕582—MERGER—EFFECT OF MERGER.

While merger of debts in a judgment is the general rule, yet, when justice and equity require, the judgment will be construed as a new form of the old debt.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1079, 1082; Dec. Dig. ⊕582.]

2. BANKRUPTCY ⊕354—RIGHTS OF PARTNERSHIP CREDITORS—RIGHTS OF INDIVIDUAL CREDITORS.

Partnership creditors reduced their debts to judgment in the state court according to the local law against both the firm and the individual members. All were adjudicated bankrupts within nine days after the rendition of the judgment. Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 548 (Comp. St. 1913, § 9589), declares that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts; but, should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets, and, should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners. Held that, as the judgment did not change the character of the partnership debts, the judgment creditors were not, despite the usual theory of merger, entitled to primary participation in the distribution of the individual assets of the partners.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. ⊕354.]

Appeal from the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

In the matter of F. J. Hacker & Co., a partnership, and F. J. Hacker and S. J. Hacker, individual members thereof, bankrupts. Petition by Josephine Hacker and another, as individual creditors of F. J. Hacker, a partner, for review of an order of the referee overruling their objections to the allowance of claims of creditors of the partnership against the estate of its individual members and their participation in the distribution of the assets of the individual estates equally with the individual creditors of the partners. From an order in part vacating and setting aside the order of the referee (225 Fed. 869), the Cutler Hardware Company appeals. Affirmed.

Edwards, Longley, Ransier & Smith, of Waterloo, Iowa, for appellant.

Mark J. Butterfield, of Waterloo, Iowa, for appellees.

Before HOOK and CARLAND, Circuit Judges, and MUNGER, District Judge.

HOOK, Circuit Judge. [1, 2] The question in this case is whether the reduction of partnership debts to judgment, in a state court ac-

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cording to the local law, against both the firm and the individual members, all being thereafter adjudged bankrupt, entitles the judgment creditor to primary participation in the distribution in the bankruptcy court of the individual estates. The trial court allowed the judgments against all the estates, but ordered that participation in the individual assets be postponed until after the individual creditors were fully paid. In other words, the court held that the judgments upon the partnership debts against the individual members did not change their character within the meaning of section 5f of the Bankruptcy Act of 1898, which provides:

"The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership."

This provision expresses the rule of distribution in equity in cases of insolvent partnerships generally recognized and applied from the beginning of our judicial history. In Murrill v. Neil, 8 How. 414, 12 L. Ed. 1135, the rule was stated to be:

"That partnership creditors shall in the first instance be satisfied from the partnership estate, and separate or private creditors of the individual partners from the separate and private estate of the partners with whom they have made private and individual contracts, and that the private and individual property of the partners shall not be applied in extinguishment of partnership debts, until the separate and individual creditors of the respective partners shall be paid."

See, also, Amsinck v. Bean, 22 Wall. 395, 22 L. Ed. 801.

In United States v. Hack, 8 Pet. 271, 8 L. Ed. 941, the first phase of the rule was enforced against the statutory priority of the United States as a creditor of an individual partner. Lately in Farmers' Bank v. Ridge Ave. Bank, 240 U. S. 498, 36 Sup. Ct. 461, 60 L. Ed. 767, the court declined to recognize the exception which obtained in England in cases where the partnership as such and the individual members were all insolvent, and there was no partnership estate to distribute.

The rule is applicable here. The indebtedness to the appellant was primarily that of the partnership. The partners had not individually contracted to pay it, and the judgments against them were but the legal conclusion from their relation to the firm. The judgments against the partners, as well as the partnership, did not change the inherent character of the indebtedness. While merger in judgment is the general rule, yet according to recognized exceptions the judgment will be construed as a new form of the old debt when justice and equity require. The incident of the old debt will be carried forward to prevent the inequitable destruction of a right, privilege, or exemption.

In Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985, the action on the debt was begun before the commencement of the

bankruptcy proceedings, and the judgment was rendered after the debtor was adjudged bankrupt, but before his final discharge. The court said:

"The argument is that the judgment now existing against Boynton is not the debt that existed at the time bankruptcy proceedings were initiated; that by the change of the character of the debt from an ordinary claim or obligation to a judgment of a court of record it ceased to be the same debt, and became a new and different debt as of the date of the judgment. * *\* * But this court, to which this precise question is now presented for the first time, is clearly of opinion that the debt on which this judgment was rendered is the same debt that it was before; that, notwithstanding the change in its form from that of a simple contract debt, or unliquidated claim, or whatever its character may have been, by merger into a judgment of a court of record, it still remains the same debt on which the action was brought in the state court, and the existence of which was provable in bankruptcy."

In Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 292, 8 Sup. Ct. 1370, 1375 (32 L. Ed. 239) it was said:

"The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim), from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it."

The doctrine applies also to the method and extent of enforcement in bankruptcy. In Turner v. Turner (D. C.) 108 Fed. 785, the court held that, in determining whether a money judgment against a bankrupt was provable against his estate, it would consider the nature of the original cause of action. It said:

"Reducing a debt or duty into judgment works no change in its character. Notwithstanding the change in form from that of a simple debt or duty by merger into a judgment of a court of record, it still remains the same debt or duty on which the action was first brought."

In Re Baker (D. C.) 96 Fed. 954, 959, it was said:

"There is no merit in the contention that, because a judgment is, generally speaking, a debt, it is like any other debt in the administration of the bankrupt law. The character of the claim upon which the action is brought and the nature of the proceeding enter into and determine the character of the judgment when brought into a court of bankruptcy."

It is a very common thing to look into a judgment to see what it was about. The fact that the state law authorized the judgments against both the partnership and the members is not important. That is a general practice. It appears that the judgments of the appellant were rendered but nine days before the adjudication, and that the bankrupts were then insolvent. Whether sections 5g and 67f (Comp. St. 1913, § 9651) are material in that connection need not be considered.

The order is affirmed.