## SHEARER v. BURNET, COMMISSIONER OF INTERNAL REVENUE.*

No. 469. Argued February 23, 24, 1932.—Decided March 14, 1932.

---

* Together with No. 470, *Stewart* v. *Burnet, Commissioner of Internal Revenue.*

*Mr. M'Cready Sykes,* with whom *Messrs. Charles Henry Butler* and *George L. Shearer* were on the brief, for petitioners.

*Mr. Whitney North Seymour,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Sewall Key* and *Norman D. Keller* were on the brief, for respondent.

*Messrs. Burton E. Eames* and *R. Gaynor Wellings,* by leave of Court, filed a brief as *amici curiae.*

MR. JUSTICE STONE delivered the opinion of the Court.

The petitioners in these cases, members of a law partnership, filed their individual tax returns for the calendar year 1924. The partnership books were kept on the basis of a fiscal year and the partnership information return, filed in 1924, was for the fiscal year ending April 30th of that year. As required by § 218, (a) of the Revenue Act of 1924, c. 234, 43 Stat. 253, 275, the petitioners included in their individual returns their respective shares of the partnership profits for the partnership year ending in 1924. They thus returned, as 1924 income, partnership profits attributable to eight months of the previous year.

In assessing the tax, the Commissioner rejected their claim that, under the provisions of Title XII of the Revenue Act of 1924, they were entitled to a reduction of 25% of the tax at 1923 rates on that portion of their respective shares of the partnership income attributable to the eight months of the partnership year, which fell in the calendar year 1923, and found deficiencies accordingly. The orders of the Board of Tax Appeals sustaining the action of the Commissioner, 18 B. T. A. 393, were affirmed by the Court of Appeals for the Second Circuit. 52 F. (2d) 17. This Court granted certiorari to resolve a conflict between the decision below and that of the Court of Appeals for the First Circuit, in *White* v. *Maddison*, 45 F. (2d) 335.

The provisions of Title XII of the Revenue Act of 1924 embody a comprehensive scheme for relieving taxpayers from the burdens of the higher rates applicable to 1923 income under the 1921 Act. The 1924 Act reduced the rates, but became a law too late in the year to make them readily applicable to income earned in the previous year. Instead, it adopted the less scientific, but more convenient, plan of a level reduction of 25% of the tax. In making it, Congress was careful to limit the reduction to taxes on income returned for 1923. The applicable provisions are found in §§ 1200 (a) and 1201 (a) and (b) of the 1924 Act.[1] Section 1200 (a) authorized the allowance to tax-

---

[1] " Sec. 1200 (a). Any taxpayer making return, for the calendar year 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return.

" Sec. 1201 (a). Any taxpayer making return, for a period beginning in 1922 and ending in 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921, shall be entitled to an allowance by credit or. refund of 25 per centum of the same proportion of his tax for such period (determined under the law applicable to the calendar year 1923 and at the rates for such year) which the portion of such period falling within the calendar year 1923 is of the entire period.

payers making a return of income for the calendar year 1923. Section 1201 (a) and (b) granted it to taxpayers returning income for a fiscal year beginning or ending in 1923, but only with respect to the tax on so much of the income returned as was attributable to income earned in the calendar year 1923.

Petitioners' claims for the allowance plainly are not comprehended by the language of either section. They made their returns on the calendar year basis, and were entitled to, and presumably received, the allowance authorized by § 1200 (a) upon the tax on income returned for the calendar year 1923. But this section does not authorize any reduction of the tax upon income returned for the calendar year 1924, as was that of petitioners. Section 1201 (a) and (b) applies only to taxpayers returning income for a fiscal year beginning or ending in 1923. The petitioners, who made no such returns, were thus excluded from the benefits of the 25% reduction of the tax on any part of their income returned for the calendar year 1924 by the unambiguous language of these sections. See *Crooks* v. *Harrelson,* 282 U. S. 55, 60, 61.

They argue that the provisions of these sections applicable to income returned for 1923, evidence a general purpose to allow the reduction of tax upon any income attributable to that year. Hence, despite the language of § 1201 (b) restricting its benefits to those returning income for taxation for some part of the year 1923, they insist that it should be deemed to extend to taxes on partnership income attributable to 1923, although in

---

"(b) Any taxpayer making return, for a period beginning in 1923 and ending in 1924, of the taxes imposed by Parts I and II of Title II of this Act, shall be entitled to an allowance by credit or refund of 25 per centum of the same proportion of a tax for such period (determined under the law applicable to the calendar year 1923 and at the rates for such year) which the portion of such period falling within the calendar year 1923 is of the entire period."

fact income in 1924, and returned by the taxpayers as such in their 1924 returns.

Even if there were room for construction of the words of the statute, it is impossible to discern any such general purpose underlying the 1924 Act as would support petitioners' contention. There are two insuperable obstacles to the construction urged. The first is the necessary effect of § 1200 (a) when applied to returns of taxpayers for the calendar year 1923. That section authorizes a reduction of 25% of the taxes for 1923 upon all income, including that derived from partnerships having a fiscal year beginning in 1922 and ending in 1923. Thus applied, it allows 25% reduction of petitioners' 1923 tax, including that upon their partnership income, attributable to eight months of 1922. If, as they insist, § 1201 (b) is to be construed as permitting a like reduction of the 1924 tax on partnership income attributable to the last eight months of the calendar year 1923, which overlapped the partnership year ending in 1924, petitioners, despite the careful limitation of the reduction to taxes upon income for a single year, would be entitled to a reduction of the tax on partnership income for a period of more than a year, in this case twenty months, eight months of 1922 and the full twelve months of 1923.

A second objection to the suggested construction of § 1201 (b) is that if the reduction, for which it provides, were extended to the tax involved here, it would not necessarily result in a return of 25% of the tax assessed, as is the obvious purpose of the section. Section 1201 (a) and (b), allows the 25% reduction on that proportion of the tax for the entire year, computed at 1923 rates, which the period of the fiscal year falling within the calendar year 1923 bears to the entire taxable year. As this is the same basis on which the tax is computed, under § 207 (a) of the 1924 Act, where the taxable year begins in 1923 and

ends in 1924, the reduction is exactly 25% of the tax assessed.

A different method of computing the tax on a distributive share of partnership income for a partnership fiscal year beginning in 1923 and ending in 1924, is prescribed by § 207 (b) of the 1924 Act. Under that section the tax computed for the fiscal year at 1923 rates is not, as under § 207 (a), apportioned to the number of months of the fiscal year which fall in the calendar year 1923. Instead, § 207 (b) applies the 1923 schedule of rates to the income apportioned to 1923, and the 1924 schedule to the income apportioned to 1924. And for purposes of the surtax it places the income from the partnership subject to the 1924 rates in the lower brackets and the income subject to the 1923 rates in the higher brackets.

The difference in method of calculating the tax on the two classes of income may produce different amounts of tax on the same amount of income. The tax computed under § 207 (a) upon income of an individual taxpayer attributable to the first eight months of a fiscal year ending April 30, 1924, would be exactly two-thirds of the total tax, and it is to the two-thirds of this total to which the 25% reduction is applied by § 1201 (b). If applicable to the present case, the reduction would likewise be allowed on two-thirds of the tax for the entire year at 1923 rates. But the tax calculated under § 207 (b), on income derived from the partnership, for the same eight months of 1923, would be more than two-thirds of the total tax for the year, because of the higher rate of surtax applicable to the income attributed to 1923 than to the income apportioned to 1924.

The reduction of the tax calculated as prescribed by § 1201 (b) would accordingly not be 25% of the tax. The section, if construed to extend the reduction to a tax computed as was the petitioners', would thus depart from the

obvious purpose and definite scheme of the 1924 Act to return uniformly to taxpayers 25% of the tax on income of a single year. Undoubtedly Congress might have included the tax on this income of petitioners in its scheme for refunding taxes. Its failure to do so is doubtless a consequence of the fact already noted that it did make provision for reduction of the like tax on the income for the corresponding months of 1922.

Assuming that petitioners can invoke the protection of the Fifth Amendment to secure an equable share of a credit or refund of a tax after its assessment, we can discern in this statute no want of due process of law. The petitioners are within a defined class which Congress clearly had power to select for purposes of a tax refund. See *La Belle Iron Works* v. *United States,* 256 U. S. 377, 392; *Billings* v. *United States,* 232 U. S. 261, 282; *Barclay & Co.* v. *Edwards,* 267 U. S. 442, 450. They cannot complain of the possibly unequal operation of the statute on others less favorably situated. *Heald* v. *District of Columbia,* 259 U. S. 114, 123.

*Affirmed.*