# WEIL v. COMMISSIONER OF INTERNAL REVENUE.

## No. 255.

Circuit Court of Appeals, Second Circuit.

April 20, 1936.

Weil, Gotshal & Manges, of New York City (Ralph Royall, Frank L. Weil, Randolph E. Paul, Valentine B. Havens, and James G. Holland, all of New York City, of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen. (Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The petitioner filed his income tax return for the calendar year 1932. He was a partner in a law firm which had a fiscal year ending January 31st. Hence eleven-twelfths of the partnership income distributable to him in 1932 was attributable to the year 1931, and one-twelfth to the year 1932. Article 903, Regulations 77. Section 182 of the Revenue Act of 1932, which is printed in the margin,* provides that under such circumstances the rates

*47 Stat. 222.

Sec. 182. Tax of Partners.

(a) General Rule.—There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. If the taxable year of a partner is different from that of the partnership, the amount so included shall be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year.

(b) Partnership Year Embracing Calendar Years with Different Laws.—If a fiscal year of a partnership begins in one calendar year and ends in another calendar year, and . the law applicable to the second calendar year is different from the law applicable to the first calendar year, then

(1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and

(2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year.

In such cases the part of such income subject to the rates in effect for the most recent calendar year shall be added to the other income of the taxpayer subject to such rates and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to such year.

for the calendar year 1931 shall apply to the partner's distributive share of the net income of the partnership attributable to 1931, and the rates for 1932 to the share attributable to 1932. The taxpayer argues that "the rates" for 1931 do not mean simply the percentages specified in sections 11 and 12 of the Revenue Act of 1928 (45 Stat. 795, 796, 26 U.S.C.A. § 11 note and § 12 note), but involve applying those percentages with the credits allowed by the 1928 act. Specifically, he contends that he is entitled to a personal exemption of $3,416.66, eleven-twelfths of the $3,500 exemption allowed to a married person by section 25 (c) of the Revenue Act 1928, 26 U.S.C.A. § 25 note, and one-twelfth of the $2,500 exemption allowed by section 25 of the Revenue Act 1932 (26 U.S.C.A. § 25 and note); and that he is also entitled to a deduction of an earned income credit (section 31 of the Revenue Act 1928, 26 U.S.C.A. § 25 note) based on eleven-twelfths of his share of the partnership income, all of which was earned by personal services. The board allowed a personal exemption of only $2,500, and no earned income credit. The two questions presented are distinct and must be considered separately.

■ The first is how to deal with the personal exemption credit, which was $3,500 for the year 1931 and $2,500 for the year 1932. The tax to be computed is a tax for the calendar year 1932 and must be computed in accordance with the Revenue Act 1932. Section 182 (b) (1), Revenue Act 1932, gives the taxpayer the advantage of the 1931 rates on his share of the partnership net income ("determined under the law applicable to such calendar year") attributable to 1931. Hence the first thing to be done is to determine the partnership net income in accordance with the Revenue Act 1928. Section 183 thereof (26 U.S.C.A. § 183 and note) directs that the net income of a partnership shall be computed in the same manner and on the same basis as in the case of an individual, except that the deduction for charitable contributions provided in section 23 (n), 26 U.S.C.A. § 23 and note, shall not be allowed. It will be observed that the personal exemption credit permitted by section 25 (c), 26 U.S.C.A. § 25 note, plays no part in computing the net income of the partnership. Having thus computed the partnership net income, the taxpaying partner's share thereof is calculated and the proper fraction of such

share (in this case eleven-twelfths) is attributed to the year 1931. To this amount the 1931 rates are to be applied. Section 182 (b) directs a similar computation in accordance with the Revenue Act 1932, 47 Stat. 222, to ascertain the fraction of the partner's share of partnership net income to which the 1932 rates are to be applied (here one-twelfth). These two fractions plus other (i. e., nonpartnership) income constitute the taxpayer's net income for 1932. Both acts provide by section 25 and section 184 (26 U.S.C.A. § 25 and note, and § 184 note) that for the purpose of the normal tax, but not for the surtax, certain credits shall be allowed "against the net income" of the taxpayer. These credits are the same under each act except the personal exemption credit. The petitioner contends that his personal exemption credit should be prorated between the amounts allowable under the 1928 and 1932 acts proportionately to the income attributable to the years 1931 and 1932; that is, eleven-twelfths of $3,500 and one-twelfth of $2,500. He can point to no provision of the statute which specifically authorizes any such prorating, but he argues that the direction to apply 1931 rates to a part of his net income impliedly authorizes a proportionate allowance of the 1931 personal exemption. Not only does this put a strained construction on the phrase "the rates for the calendar year during which such fiscal year begins," but we believe it is directly contrary to the expressed intent of Congress. Remembering that the tax in question is the 1932 tax, the personal exemption credit against 1932 net income would naturally be the reduced 1932 exemption. Compare Shearer v. Burnet, 285 U.S. 228, 52 S.Ct. 332, 76 L.Ed. 724. But if the matter were otherwise doubtful, we think it is put at rest by the final sentence of section 182 (b), 47 Stat. 222. This provides that "the part of such income [i. e. income from the partnership] subject to the rates in effect for the most recent calendar year shall be added to the other income of the taxpayer subject to such rates and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to such year." This shows that the income subject to 1932 rates is to go in the lowest bracket,

and since the personal exemption is deductible from income in the lowest bracket, it must be the 1932 exemption which is to be used.

[2] With respect to earned income credit section 182 of the Revenue Act 1932, 47 Stat. 222, is quite irrelevant. Earned income credit is dealt with in section 31 of the Revenue Act 1928 (45 Stat. 804, 26 U.S.C.A. § 25 note); subdivision (a) defines "earned income," and subdivision (b) provides for a credit "against the tax." Accordingly, the earned income credit has nothing to do with "the rates" in effect for a given year but relates to a credit deductible from the tax after the amount thereof has been computed by application of the rates. Section 182 (b) (1), Revenue Act 1932, merely gives the petitioner the benefit of 1931 rates on his share of partnership net income attributable to 1931; it says nothing about any credit against the tax.

The petitioner also relies upon section 185, Revenue Act 1932 (26 U.S.C.A. § 185 and note) quoted in the margin.** As originally reported House Bill 10236, which became the Revenue Act of 1932, contained two new subsections to section 25. They related to earned income and were to take the place of section 31 of the 1928 act. They were to change the form of earned income credit from a credit against the tax to a credit against net income. But these subsections were stricken out by Senate Amendment No. 36 (75 Cong.Rec. 12003, col. 2), with the result that the act as finally passed eliminates any earned income credit whatever. See 75 Cong.Rec. 12014, col. 2. Nevertheless section 185 seems to presuppose that "earned income" may be relevant at some stage of the calculation of the 1932 tax. It is incorporated in Supplement F relating to partnerships (section 181 et seq. [26 U.S.C.A. § 181 et seq., and notes]), which was taken over bodily from the 1928 act. It provides that the partner's share of the net income which consists of earned income shall be separately shown in the partnership return "and shall be taxed to the member as provided in this Supplement." The quoted phrase doubtless refers back to section 182 (a), 47 Stat. 222, which directs that the partner's net income shall include his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. In the 1928 act it was relevant to say, as section 185 does, that some of the partner's distributive share may be considered earned income, because section 31 gave the taxpayer an earned income credit against his tax. There is nothing in the supplement itself, however, which gives him any such credit. Since the 1932 act has eliminated all earned income credit, section 185 is merely redundant to section 182 (a) and its reference to earned income is irrelevant. It would be most unreasonable to construe it as intended to carry forward in favor of partners the earned income credit which had been eliminated for all taxpayers by the omission of the provisions of section 31 of the 1928 act and the striking out of the proposed subsections (f) and (g) of section 25 of the bill. We can only regard the inclusion of section 185 as an error of draftsmanship. It is capable of no meaning which will support the petitioner's contention that he is entitled to an earned income credit based on eleven-twelfths of his share of the partnership net income.

The decision of the Board of Tax Appeals is affirmed.

---

** 47 Stat. 223.
Sec. 185. Earned Income.
In the case of the members of a partnership the proper part of each share of the net income which consists of earned income shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in this Supplement.