## JOHNSTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 88.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

SWAN, Circuit Judge, dissenting.

William W. Spalding, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to the Atty. Gen., for respondent.

Cohen, Cole, Weiss & Wharton, of New York City (John F. Wharton and Harry J. Leffert, both of New York City, of counsel), for petitioner.

Proskauer, Rose & Paskus, of New York City (Walter Mendelsohn, Wilbur H. Friedman, and Harry Silverman, all of New York City, of counsel), amicus curiæ.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During the taxable year 1932 the petitioner sold at a loss noncapital assets which he owned personally. During the same year he was one of the partners in a partnership which sold noncapital assets of the partnership at a profit. The partnership filed its information return showing this profit, and the petitioner included his share of it in his own return. The amount of gain so included was less than the loss he had sustained. He deducted the above-mentioned loss to the extent of his share of the partnership gain, thus diminishing what would otherwise have been his net taxable income as shown by his return. The Commissioner, deciding that the deduction was not allowable in view of section 23 (r) of the Revenue Act 1932 (26 U.S.C.A. § 23 note), added it to the petitioner's net income as shown in his return and determined the deficiency accordingly. A majority of the Board upheld that action.

Section 23 (r) of the 1932 Revenue Act limited deductions which might be taken from income on account of losses sustained on the sale or exchange of noncapital assets "to the extent of the gains from such sales or exchanges." Since it is undisputed that the profits of the partnership with which we are now concerned were derived from the sale of assets held less than two years and so from the sale of noncapital assets as defined in section 101 of the Revenue Act 1932 (26 U.S.C.A. § 101 note) and that the personal losses of the petitioner were sustained in the sale of such assets, the sole issue is whether the petitioner's share of such partnership gains is to be treated as though derived from the sale of noncapital assets which the petitioner owned personally.

It is argued with much force that as a partnership is not a taxpayer its income distributable to a partner and taxed to him should be held to retain in the partner's return all the characteristics by way of derivation which it had in the information return filed by the partnership as there is nothing in section 23 (r) which is expressly to the contrary. And this idea is thought to be somewhat fortified by the fact that when Congress passed the National Industrial Recovery Act in 1933 section 218 (d), 48 Stat. 209, provided that: "Effective as of January 1, 1933, section 182 (a) of the Revenue Act of 1932 is amended by inserting at the end thereof a new sentence as follows: 'No

part of any loss disallowed to a partnership as a deduction by section 23 (r) shall be allowed as a deduction to a member of such partnership in computing net income.' " Reliance is placed upon the usual inference that when a statute is amended the purpose is that of change rather than a declaration of its former meaning unless the latter intention clearly appears.

Yet we think these considerations must yield to others that seem to be more potent in their bearing upon the issue. Though a partnership is not a taxpayer (section 181 of the 1932 Revenue Act [26 U.S.C.A. § 181 and note]) and each partner is taxed on his distributive share of partnership income (section 182, 47 Stat. 222 [see 26 U.S.C.A. § 182 and note]), the partnership is a tax computing unit whose income is to be calculated in the same manner and on the same basis as that of an individual, with the exception that no deductions for charitable contributions are allowable (section 183 of the act [26 U.S.C.A. § 183 and note]). See Earle v. Commissioner (C.C.A.) 38 F.(2d) 965. In such computation noncapital losses are of course deductible to the extent of noncapital gains under section 23 (r), but, when the partnership return shows net income, a partner's distributive share is to be entered in his own return as his own income derived from the partnership without retaining the peculiar character it had in the partnership return unless Congress has expressly so provided and then only for the purpose stated. The general rule of section 182 indicates that this is so, and, unless it is, there would be no reason for section 184 of the act of 1932 (26 U.S.C.A. § 184 note), which provides that for the purpose of the normal tax a partner shall be allowed as an additional credit "his proportionate share of such amounts of dividends and interest specified in section 25 (a) and (b) as are received by the partnership"; nor for section 186 of the act of 1932 (47 Stat. 223), providing for showing in the partnership return "the proper part of each share of the net income which consists, respectively, of ordinary net income, capital net gain, or capital net loss," and for taxing the partners "at the rates and in the manner provided in section 101 (a) and (b), relating to capital net gains and losses." So, too, section 188 of the act of 1932 (26 U.S.C.A. § 186 and note) permits a partner to take credit for partnership income, war profits, and excess profits taxes imposed by foreign countries or possessions of the United States to the extent provided in section 131 (26 U.S. C.A. § 131 and note). These provisions are to be read in connection with the general rule of sections 182 and 183, for they are parts of the same statute and show that Congress did intend to permit partnership income to retain its peculiar character for certain express purposes when carried over into the return of a partner. And this expression of purposes includes the negative of any others. Botany Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 131, 73 L.Ed. 379. Moreover, we are dealing with an enactment restricting a right to take loss deductions from income which must bear the tax burden imposed unless Congress has seen fit to permit the offset claimed. The right to take deductions from gross income is wholly a statutory privilege which may be granted or withheld. Lloyd v. Commissioner (C.C.A.) 55 F.(2d) 842.

While it is true that each partner owns his share of the net worth of the partnership of which he is a member, United States v. Hack, 8 Pet. 271, 8 L.Ed. 941, and consequently his distributive share of the partnership net income is taxable directly to him, United States v. Kaufman, 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685, it is equally true that the partnership status has not been disregarded in the scheme of income taxation set up by Congress. See Shearer v. Burnet, 285 U.S. 228, 52 S.Ct. 332, 76 L.Ed. 724. That scheme provides in general for the carrying over into his own return of a partner's distributive share of partnership income as computed in the partnership information return as so much ordinary income without noticing its source as shown by the partnership return except in those instances for which especial provision has been made. So the petitioner must treat his share of the partnership gain as ordinary income in his return, since he cannot sustain the claimed right to have it retain there its status as a gain derived from the sale of noncapital assets by bringing it within one of the exceptions to the general rule which Congress has created. In view of this we feel bound to treat the above-mentioned section 218 (d) of the National Industrial Recovery Act as having been inserted out of abundant caution when that law was passed and as but a clarification of existing law. Helvering v. New York Trust Co., 292 U.S. 455, 469, 54 S.Ct. 806, 810, 78 L.Ed. 1361.

Affirmed.

SWAN, Circuit Judge (dissenting).

In determining taxable gains on non-capital assets, a taxpayer is allowed to off-set losses on the sale or exchange of similar assets. I cannot imagine any reason why the Congress should wish to tax a man more if he made his gains in conjunction with a partner than if both gains and losses were wholly individual. Prior to the enactment of section 23 (r), there was admittedly no such purpose, and a loss sustained on assets held individually could be offset against gains on assets owned in partnership. That section itself does not express an intention now to forbid it, but my brothers find such an intention in a negative implication from other sections which relate to credits against net income. To my mind those sections carry no implication against a deduction from gross income—the issue before us. They were taken over from earlier acts under which they carried no implication that a deduction of the sort now demanded was not permissible. I think it is still permissible, since the language of the new provision, section 23 (r), does not forbid it. In my opinion, the order should be reversed.