## APPEAL OF PERCIVAL H. TRUMAN.

Docket No. 5346.    Sumbitted October 10, 1925.    Decided January 19, 1926.

A partner who keeps his books on the cash basis is required to report his distributive share of the partnership income computed on the accrual basis, if that is the basis adopted by the partnership for keeping its books and reporting its income, when no question is raised that such methods do not correctly reflect the income of the partnership.

*Percival H. Truman* pro se.
*J. W. Fisher, Esq.,* for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency in income taxes for 1920 in the amount of $138.43. The deficiency results from the fact that the Commissioner included in the taxpayer's income for that year his distributive share of the income of the partnership of which taxpayer was a member, the income of the partnership being determined on the accrual basis, while the taxpayer kept his books and made his returns on the cash basis. The question is whether the taxpayer, who kept his books on a cash basis, should be taxed on his distributive share of partnership income determined on an accrual basis.

### FINDINGS OF FACT.

The taxpayer was a member of the law partnership of Barnett & Truman during 1920. The partnership kept its books and made its returns on the accrual basis. The taxpayer kept his books and made his returns on the basis of cash receipts and disbursements.

The distributive share of the taxpayer for 1920 in the partnership income, reported on the accrual basis, was $22,065.69, while on the cash basis it was $21,278. The return for the partnership was made by Barnett, the senior partner, who kept his own books on the same basis as the partnership.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRAMMELL: The question presented by this appeal is whether an individual partner who keeps his own books on the cash basis is required to include in his income his distributive share of partnership income determined on an accrual basis, or whether the distributive share in the partnership's income should be determined on the basis of cash receipts and disbursements.

It is provided in paragraph (a) of section 218 of the Revenue Act of 1918 as follows:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

Paragraph (d) of section 218 provides:

The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 except that the deduction provided in paragraph (11) of subdivision (a) of section 214 shall not be allowed.

Section 212 (b) provides as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.

The expression "net income," as used in section 218 (a), has the same meaning when used in section 212 (b). The net income of the partnership, the distributive share of which is taxable to the partners, is the net income computed upon the basis of the method of accounting regularly employed in keeping the books of the partnership, provided such method clearly reflects the income of the partnership. That it did so reflect the income of the partnership is not questioned in this appeal. The partner's distributive share, referred to in section 218, is that share of the income of the partnership computed on the accrual basis.

The taxpayer contends that he did not know or consent to the use of the accrual method adopted by the partnership. This fact seems to us to be immaterial. The books were kept by the order of the senior partner. It was one of the liabilities, which the taxpayer assumed when he became a partner, that he was subject to be bound by the action of his associate within the scope of the partnership. The adoption of a method of bookkeeping is clearly within the scope of the partnership. The principle of mutual agency is one of the characteristics of a partnership.