## APPEAL OF CHARLES COLIP.

Docket No. 6276. Decided October 20, 1926.

1. The provisions of Title XII Revenue Act of 1924 allowing a credit or refund of 25 per cent of the tax shown by 1923 returns did not reduce the rates of 1923 within the meaning of section 207 (b).

2. The 25 per cent reduction provided by Title XII Revenue Act of 1924 is applicable literally to the tax payable in 1924 shown on returns for 1923, and does not reduce the 1924 tax payable in 1925 of an individual partner whose 1924 taxable income is made up in part of a share of partnership income for a fiscal year beginning in 1923.

3. In taxing a partner's income for a calendar year, such income may properly include his distributive share of the partnership income for a fiscal year part of which is in the prior calendar year, even although some part of such partnership income be attributable to earnings of the prior calendar year.

*Arnold R. Baar, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

Deficiency of $277.89 individual income tax for 1924, of which $125.69 is in controversy. The issue is whether the Commissioner properly disallowed the application of 25 per cent reduction to that portion of petitioner's income returned for 1924 as came from the proportionate 1923 earnings of his partnership, which had a fiscal year.

### FINDINGS OF FACT.

Petitioner was a member of a partnership. The partnership kept its books and made its partnership return for the fiscal year ending January 31, 1924. In his return for the calendar year 1924, petitioner reported $8,206.70 as income from the partnership. Eleven-twelfths is $7,522.61, and this amount is attributed to 1923. The Commissioner computed the tax by applying the 1923 schedule to $7,522.61 without making any allowance by credit or refund of 25 per cent under section 1200 of the Revenue Act of 1924, and, thus computed, the 1923 tax is $506.75.

### OPINION.

STERNHAGEN: This case is one of several, all presented together upon agreed facts. [See pp. 127–133, *infra.*] The dispute is founded in the Commissioner's application of the 25 per cent reduction prescribed by Title XII of the Revenue Act of 1924. In each case the individual petitioner in 1925 made his return for the calendar year 1924. In this return, pursuant to section 218 and section 207 (b),

Revenue Act of 1924, he included as 1924 income his distributive share of partnership net income for its fiscal year ending in 1924, part of which in each case was in 1923. Upon the basis of such return he paid his tax in 1925. In computing his tax he ascertained (the mathematics not being in dispute) the proportionate tax at 1923 rates upon 1923 income and reduced this by 25 per cent before including it as part of the composite 1924 tax prescribed by section 207 (b). The Commissioner determined that the 25 per cent reduction of the 1924 Act had no application to taxes paid in 1925 under returns filed in 1925 of statutory income of 1924, and by recomputing the tax without such reduction he found the deficiency in question.

The Commissioner relies upon the letter of the statute which he says clearly expresses the deliberate intention of Congress and leaves no room for construction. The petitioner says he is thus deprived of a reduction in the tax on 1923 income which was plainly intended to be bestowed on all, and this he says can be found in the language of the statute itself.

By section 218 of the Revenue Act of 1924 (which is substantially similar to section 218 of the Revenue Act of 1921) a partner is taxable individually upon his distributive share of partnership income for the fiscal year ending within his own taxable period; and by section 207 (b) the tax upon such income is a composite tax of the rates of the earlier statute applicable proportionately to the income of the earlier year and the rates of the later statute applicable proportionately to the income of the later year. This statutory plan arises from the difficulties inherent in the nature of a partnership as an aggregation of individuals rather than a legal entity, and the legislative intent to tax the individual upon his share and not the partnership upon the whole. While it may be, as counsel for the petitioner suggests, that a strict regard for all the legal attributes of partnerships would lead to the conclusion that the income of a partner for his taxable period includes his exact share of partnership income within that period, we have no doubt that, recognizing the utter confusion and impracticability involved in that notion, Congress may adopt a more workable plan. Its broad power of reasonable classification in order to levy a fair and equitable tax capable of ready computation by the taxpayer and efficient administration by the Government breaks through the underbrush of meticulous legal refinements. If each partner's share for his own taxable period were to be included in his income, it is conceivable that in a large firm the books would need to be ruled down from month to month in order that any partner could ascertain his personal income for his own fiscal or calendar year. To recognize the confusion of this and substitute the simpler plan of regarding the individual's share of the firm's fiscal income as his own for the year when the firm's annual

income is ascertained and taxing this at the composite rate of both years, is so clearly reasonable that the technical legal argument must fall before it.

Section 207 (b) prescribes the composite tax in the following language:

If a fiscal year of a partnership begins in one calendar year and ends in another calendar year, and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then (1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year. In such cases the part of such income subject to the rates in effect for the most recent calendar year shall be added to the other income of the taxpayer subject to such rates and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to such year.

In the ordinary case this is clear—the statutory schedule of the earlier Act is applied to the proportion of the income attributable to the earlier year and the later schedule to the later proportionate income and the two added together constitute the tax on the whole. It is not said that the income shall be regarded as of two years or that the tax is a tax to any extent for the earlier year. See *Appeal of Schilling*, 3 B. T. A. 936. The income is all income of the later year, the tax upon which is, in recognition of the source of the income, measured *pro tanto* by the schedule of both years.

With this general plan embodied in the proposed revenue bill of 1924, Congress was brought to a consideration of the surplus in the Treasury and the proposal to reduce the tax on 1923 income. Our attention is called to some of the statements made on the floor of the House indicating that Representative Garner wanted the rates of 1923 changed before the 1923 returns were filed and that, in explaining the plan of the Ways and Means Committee bill as finally adopted, Representative Green said:

Of course, this flat reduction of 25% is not scientific, but it is something that everyone can understand. Even the man who runs may read this provision and know exactly what it means. He knows he is going to get one fourth off his taxes for this year. * * *

It would be absolutely impossible at this time when the bill cannot be passed until after a number of parties have already paid their taxes and already made up their returns; and to put in force the system which is provided in

the bill would produce utter chaos. There is only one way of getting at it, and that is the way suggested in the bill, by making a simple, flat reduction all the way through. * * *

The reports both of the Senate Finance Committee and of the House Ways and Means Committee contained the following identical language:

The bill provides for two forms of tax reduction:

(1) Temporary and immediate relief to taxpayers by a 25 per cent reduction of the income tax payable in the year 1924 on 1923 taxable income. The estimated reduction resulting from this provision is as follows:

Fiscal year 1924_____ $128, 010, 000
Fiscal year 1925_____ 104, 740, 000

Total reduction _____ 232, 750, 000

(2) Permanent relief by the revision of the revenue act of 1921 through the reduction of certain taxes and the repeal of others. * * *

Upon this background, Congress enacted Title XII with the heading "Reduction of Income Tax Payable in 1924." Section 1200 (a) is as follows:

Any taxpayer making return, for the calendar year 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return.

The letter of the statute is quite precise. It provides to a taxpayer making a return for 1923 an allowance by credit or refund of part of the tax shown thereon—not a retroactive reduction by way of recomputation of the 1923 tax, but a credit or refund of part of the tax assessed or collected upon 1923 returns under the 1921 Act. The tax imposed by the earlier Act remains unaffected in all the details of its computation. An amended return, for example, filed in 1925 for 1923, would contain all the data and arrive at the same tax which was originally required before the 1924 Act was passed. It would be governed by the 1921 Act except as amended by the 1924 Act. But Title XII of the 1924 Act does not amend the 1921 Act. It provides for the first time for the credit or refund of 25 per cent of the "amount shown as the tax."

The petitioner urges that the effect of this is to reduce the rates of 1923 and thus that, in making his 1924 return, he complied literally with the requirements of section 207 (b). We think that the language of Title XII is too clear to permit of this construction, and also that the plan of the reduction is contrary to it. The retroactive modification of the 1923 tax by substituting the reduced rates of the 1924 schedule was considered and rejected by Congress. Instead an " unscientific—simple flat reduction " to the taxpayer of " one-fourth off his taxes for this year," which "the man who runs may read * * * and know exactly what it means," was adopted so as

to prevent "utter chaos." In the face of this purpose it can not be said that the reduction was in the rates, even although the word rates may in some circumstances be construed to mean something other than the percentages of the schedule, as in the several cases cited by petitioner.

But it is said that the Commissioner's view singles out these tax-payers from the general taxpaying public and deprives them of a reduction in tax on 1923 income when in all reason the reduction was intended for all. If such discrimination were the effect of the statute we could not disturb it, for as the imposition of taxes themselves need not be wholly free from inequality no more need a distribution of national surplus through a credit or refund be scientifically uniform. But there is no inequality here except accidentally. The basis of distribution is the tax shown by the return for 1923. All similarly situated were similarly entitled. If the 1923 return showed net income attributable to the accumulation of years, such as a gain by sale of capital assets, or if it contained the share of partnership profits for a fiscal year beginning in 1922, or if it showed a net loss and hence no tax and no reduction, the clear provisions of Title XII were nevertheless applicable. We can not stretch a "reduction of income tax payable in 1924" to cover taxes payable in 1925 in order to produce an alleged uniformity which Congress deliberately rejected.

*Judgment will be entered for the Commissioner.*