GEORGE G. WESTFELDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. GEORGE G. WESTFELDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20611, 20612. Promulgated May 29, 1930.

*Thos. A. Dubourg, C. P. A.,* for the petitioners.
*R. W. Wilson, Esq.,* for the respondent.

OPINION.

Love: For convenience we will, in this opinion, refer only to the facts in connection with petitioner George G. Westfeldt and discuss these proceedings as if he were the sole petitioner, since the questions at issue in both proceedings are the same, the only difference being in the amount of "contributions" and "capital net loss" of each.

With respect to the first issue, it is petitioner's contention that the respondent erred in computing the surtax on that portion of his income subject to the rates in effect for the year 1923, in that he

began the "next higher brackets" referred to in section 207 (b) of the Revenue Act of 1924 at $42,829.69 instead of $41,544.89. Petitioner arrived at the amount of $41,544.89 as follows:

|  | Taxable at 1923 rates | Taxable at 1924 rates |
|---|---|---|
| Partnership income | $24,381.35 | $24,381.35 |
| Other income |  | 28,368.24 |
| Total income | 24,381.35 | 52,749.59 |
| Deduct: |  |  |
| Interest paid |  | 6,802.89 |
| Contributions allowed |  | 3,117.01 |
| "Capital net loss" |  | 1,284.80 |
| Total alleged deductions | None. | 11,204.70 |
| Alleged net income | 24,381.35 | 41,544.89 |

The respondent arrived at the amount of $42,829.69 as follows:

|  | Taxable at 1923 rates | Taxable at 1924 rates |
|---|---|---|
| Partnership income | $24,381.35 | $24,381.35 |
| Other income |  | 28,368.24 |
| Total gross income | 24,381.35 | 52,749.59 |
| Deduct: |  |  |
| Interest paid |  | 6,802.89 |
| Contributions allowed |  | 3,117.01 |
| Total deductions | None. | 9,919.90 |
| "Ordinary net income" | 24,381.35 | 42,829.69 |

The amount of tax liability in dispute on this point is $157.99, which is the difference in surtax on that portion of petitioner's income taxable at 1923 rates, as computed by the respondent and petitioner, respectively. By commencing the surtax brackets at $42,-829.69, as the respondent has done, the surtax on the $24,381.35 taxable at 1923 rates is $6,097.78, computed as follows:

| Brackets | 1923 rates, sec. 211 (a) (2), 1921 Act | | Surtax |
|---|---|---|---|
| $42,829.69 to $44,000.00 | 19 per cent on | $1,170.31 | $222.36 |
| $44,000.00 to $46,000.00 | 20 per cent on | 2,000.00 | 400.00 |
| $46,000.00 to $48,000.00 | 21 per cent on | 2,000.00 | 420.00 |
| $48,000.00 to $50,000.00 | 22 per cent on | 2,000.00 | 440.00 |
| $50,000.00 to $52,000.00 | 23 per cent on | 2,000.00 | 460.00 |
| $52,000.00 to $54,000.00 | 24 per cent on | 2,000.00 | 480.00 |
| $54,000.00 to $56,000.00 | 25 per cent on | 2,000.00 | 500.00 |
| $56,000.00 to $58,000.00 | 26 per cent on | 2,000.00 | 520.00 |
| $58,000.00 to $60,000.00 | 27 per cent on | 2,000.00 | 540.00 |
| $60,000.00 to $62,000.00 | 28 per cent on | 2,000.00 | 560.00 |
| $62,000.00 to $64,000.00 | 29 per cent on | 2,000.00 | 580.00 |
| $64,000.00 to $66,000.00 | 30 per cent on | 2,000.00 | 600.00 |
| $66,000.00 to $67,211.04 | 31 per cent on | 1,211.04 | 375.42 |
| Total surtax on |  | 24,381.35 | 6,097.78 |

Petitioner contends that the surtax brackets on the income taxable at 1923 rates should begin at $41,544.89, which would result in a

surtax of $5,939.79 or $157.99 less than the amount determined by the respondent. The details of petitioner's computation follow:

| Brackets | 1923 rates, sec. 211 (a) (2), 1921 Act | | Surtax |
|---|---|---|---|
| $41,544.89 to $42,000.00 | 18 per cent on | $455.11 | $81.92 |
| $42,000.00 to $44,000.00 | 19 per cent on | 2,000.00 | 380.00 |
| $44,000.00 to $64,000.00 (same as respondent) | 20 to 29 per cent on | 20,000.00 | 4,900.00 |
| $64,000.00 to $65,926.24 | 30 per cent on | 1,926.24 | 577.87 |
| Total surtax on | | 24,381.35 | 5,939.79 |

The sections of the Revenue Act of 1924 primarily applicable to the facts before us are sections 208 (c), 208 (a), (7), and 207 (b). That portion of section 208 (c) which is material here provides:

(c) In the case of any taxpayer (other than a corporation) who for any taxable year sustains a capital net loss, there shall be levied, collected, and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the *ordinary net income* at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount minus 12½ per centum of the capital net loss; * * * (Italics supplied.)

Section 208 (a) (7) provides:

(7) The term "ordinary net income" means the *net income*, computed in accordance with the provisions of this title, *after excluding all items* of capital gain, *capital loss*, and capital deductions * * *. (Italics supplied.)

Section 207 (b) provides:

(b) If a fiscal year of a partnership begins in one calendar year and ends in another calendar year, and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then (1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year. *In such cases the part of such income subject to the rates in effect for the most recent calendar year shall be added to the other income of the taxpayer subject to such rates and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to such year.* (Italics supplied.)

During the year 1924 petitioner sustained a "capital net loss" in the amount of $1,284.80. The computation of his tax liability must, therefore, commence with section 208 (c), *supra*. This section says that a partial tax shall first be computed upon the basis of the

" ordinary net income." What was the " ordinary net income " of petitioner for the calendar year 1924? The term is defined by section 208 (a) (7), *supra*, as the " net income " after *excluding* all items of capital loss. Section 218 (a) of the Revenue Act of 1924 provides:

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be *included* in computing the *net income* of each partner his distributive share, whether distributed or not of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, *then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed.* (Italics supplied.)

In other words, section 218 (a), *supra*, provides that where an individual reports on the calendar year basis and derives income from a partnership which reports on a fiscal year basis, the individual's entire distributive share of the net income of the partnership for the full fiscal year is a part of the individual's net income for the calendar year, and we have consistently so held in a long line of decisions following *Theodore Schilling*, 3 B. T. A. 936. It follows that, after excluding all items of capital loss, the " ordinary net income " of petitioner for the calendar year 1924 is $67,211.04. Were it not for section 207 (b), *supra*, the " partial tax " provided for in section 208 (c), *supra*, would be computed upon the basis of the entire amount of $67,211.04 at the rates and in the manner provided in sections 210 and 211, but section 207 (b) makes it mandatory that $24,381.35 of the $67,211.04 be taxed at " the rates for the calendar year during which such fiscal year begins," namely, at the rates for the year 1923, and thereby leaving $42,829.69 of the $67,211.04 to be taxed at the rates for the year 1924.

We now come to the very essence of the question, which involves the last sentence of section 207 (b) set out in italics above and section 208 (c). The respondent contends that, in computing the tax liability under the latter section, a " partial tax " shall first be computed upon the basis of $42,829.69 " of the ordinary net income at the rates and in the manner provided in sections 210 and 211," and upon the basis of $24,381.35 " of the ordinary net income " at the rates in effect for the year 1923; that in computing the partial tax on $24,381.35 " of the ordinary net income " under the provisions of the last sentence of section 207 (b), the " part of such income subject to the rates in effect for the most recent calendar year (1924)," to wit, $24,381.35 (the amount of partnership net income applicable to the *last* six months of the fiscal year ended June 30, 1924) " shall be added to the other income of the taxpayer subject to such rates," to wit, *$18,448.34* (other income $28,368.24 minus total

deductions of $9,919.90 set out in our findings), "and the resulting amount," to wit, $42,829.69 (sum of $24,381.35 and $18,448.34), "shall be placed in the lower brackets of the rate schedule applicable to such year (1924) and the part of such income subject to the rates in effect for the next preceding calendar year (1923)," to wit, $24,381.35 (the amount of partnership net income applicable to the *first* six months of the fiscal year ended June 30, 1924), "shall be placed in the next higher brackets of the rate schedule applicable to such year" (1923) ; and that in accordance with section 208 (c) "the total tax shall be this amount (the sum of the partial tax on $42,829.69 and $24,381.35, respectively) minus 12½ per centum of the capital net loss."

Petitioner contends that in computing the tax liability under section 208 (c), a "partial tax" shall first be computed upon the basis of *only* $42,829.69 "of the ordinary net income at the rates and in the manner provided in sections 210 and 211"; that "the total tax shall be this amount (the amount of the partial tax on $42,829.69) minus 12½ per centum of the capital net loss"; that in computing the tax under the provisions of section 207 (b) the "part of such income subject to the rates in effect for the most recent calendar year (1924)," to wit, $24,381.35 (the amount of partnership net income applicable to the *last* six months of the fiscal year ended June 30, 1924), "shall be added to the other income of the taxpayer subject to such rates," to wit, *$17,163.54* (other income $28,368.24 minus total deductions of $9,919.90 set out in our findings, *and minus $1,284.80, the amount of the capital net loss*), "and the resulting amount," to wit, $41,544.89 (sum of $24,381.35 and $17,163.54), "shall be placed in the lower brackets of the rate schedule applicable to such year (1924) and the part of such income subject to the rates in effect for the next preceding calendar year (1923)," to wit, $24,381.35 (the amount of partnership net income applicable to the *first* six months of the fiscal year ended June 30, 1924), "shall be placed in the next higher brackets of the rate schedule applicable to such year."

The real question is whether the amount of $42,829.69 or $41,544.89 is to be placed in the lower brackets, and the answer lies in whether, under the provisions of the last sentence of section 207 (b), the "part of such income ($24,381.35, last six months) subject to the rates in effect for the most recent calendar year (1924) shall be added to the *other income* ($18,448.34, as determined by the respondent, or $17,163.54, as contended for by petitioners) of the taxpayer subject to such rates." Whether the "other income" referred to in section 207 (b), *supra*, is $18,448.34 or $17,163.54 depends upon whether the "capital net loss" in the amount of $1,284.80 is an allowable deduction from the "other income" of $28,368.24 set out in our findings

in addition to the deductions allowed for interest and contributions, totaling $9,919.90. If the "capital net loss" is an allowable deduction the amount of the "other income" referred to in section 207 (b) is $17,163.54; if not, it is $18,448.34, as determined by the respondent. Petitioner contends that the words "other income" referred to in section 207 (b), *supra*, mean "other *net* income" and that in determining this alleged "net income" he is entitled, under section 214 (a) (5) of the Revenue Act of 1924, to a deduction for all "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit." We think such a contention is contrary to the specific provisions of the statute. Section 208 (a) (6) defines the term "capital net loss" and section 208 (c) specifically provides how the tax is to be computed in the case of any taxpayer (other than a corporation) who sustains a "capital net loss." It provides that a partial tax shall be computed upon the basis of the "ordinary net income," a term which section 208 (a) (7) defines as the net income *exclusive* of all items of "capital gain, capital loss, and capital deductions." We find no authority anywhere in the Act to treat a "capital net loss" sustained by an individual in any other manner than that set forth in section 208 (c), *supra*. Under such circumstances, namely, where an individual who reports on the calendar year basis sustains a "capital net loss" during the year, we think the words "other income" used in section 207 (b), *supra*, refer to "other ordinary net income" which in the instant case is the amount of $18,448.34, as determined by the respondent.

Petitioner further contends that in substance section 208 (c), *supra*, is nothing more than a rate schedule, in that, when it computes a partial tax on $42,829.69 and deducts therefrom 12½ per centum of the "capital net loss" of $1,284.80, it has in effect merely computed a tax on $41,544.89, but at rates higher than those specified in sections 210 and 211, and that this is, therefore, the amount which should be placed in the lower brackets referred to in section 207 (b) above. We see no merit in this contention. Section 208 (c) provides that a partial tax shall first be computed upon the basis of the ordinary net income. This we have determined to be $67,211.04, $24,381.35 of which is taxable at 1923 rates under the provisions of section 207 (b), *supra*, and the balance, or $42,829.69, is taxable at the rates in effect for the year 1924. From the sum of the two resulting computations there should be deducted, under the provisions of section 208 (c), *supra*, 12½ per centum of the capital net loss.

Petitioner finally contends that, if any doubt exists as to the meaning of sections 207 (b) and 208 (c), *supra*, such doubt should be resolved in his favor, and cites as authority therefor *United States* v. *Merriam*, 263 U. S. 179; and *Bowers* v, *New York & Albany Light-*

*erage Co.*, 273 U. S. 346. This would be true if doubt existed, but, in our opinion, the statute is clear and the construction asked for by petitioner is not warranted by law. The respondent's determination on this issue is approved.

The second issue must be decided adversely to petitioners on the ground of our decisions in *Charles Colip*, 5 B. T. A. 123, and *George L. Shearer et al.*, 18 B. T. A. 393. See, *contra, Maddison* v. *White*, (U. S. Dist. Ct., Dist. Mass., Nov. 14, 1929, and reported at page 8056 of vol. III, C. C. H., 1930, Federal Tax Service).

The deficiency of petitioner George G. Westfeldt should be redetermined so as to correct the error admitted at the hearing. The deficiency of petitioner Mrs. George G. Westfeldt is approved.

*Judgment will be entered under Rule 50.*