PERCY H. JOHNSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78682. Promulgated April 7, 1936.

*W. W. Spalding, Esq.*, for the petitioner.
*Gerald W. Brooks, Esq.*, for the respondent.

---

[2] See Law of Federal Income Taxes, Paul and Mertens, vol. 3, § 26.58.

LEECH: Only $512.68 of the total income of the partnership distributable to petitioner was reported by the latter on his return. This resulted from petitioner's reducing his distributable share shown on the partnership return by using $2,147.89 of a loss of $2,431.25, sustained by him personally upon sale of noncapital assets consisting of securities, to reduce, to that extent, his income from the partnership. This was done on the theory that the partnership income contained an item of gain of $4,295.78 from the sale of similar noncapital assets and that one-half, or $2,147.89, of this amount pertained to petitioner's partnership interest, and, consequently, was subject to offset by a similar loss sustained by him individually.

Though a partnership is not a taxpaying entity, it is a separate and distinct entity for the computation of the income. And "its non-taxation carries no implication of the measure of its income *or that of its individual partners.*" *Edward B. Archbald*, 27 B. T. A. 837; affd., 70 Fed. (2d) 720.

So, an individual on the cash basis, who is a member of a partnership on the accrual basis, is taxable on his share of the *accrued* distributable partnership income. *Percival H. Truman*, 3 B. T. A. 386; *Truman* v. *United States*, 4 Fed. Supp. 447.

Nor may he deduct, on his individual return, partnership expenses paid out of his withdrawals from the partnership, since they were deductible on the partnership return filed on the accrual basis. *Shearer* v. *Burnet*, 285 U. S. 228; *Samuel Kurzman*, 8 B. T. A. 412; *Charles Colip*, 5 B. T. A. 123.

Section 23 (r) of the Revenue Act of 1932 provides:

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

Petitioner, under the quoted section, seeks to deduct his personal loss on sale of noncapital assets from one-half of a similar gain by the partnership and, in this way, reduce the amount included on his return as his share of the partnership income. The question appears to be original here. However, it has been considered by the Commissioner and a conclusion reached contrary to petitioner's contention. G. C. M. 14012, C. B. XIV–6, p. 4; I. T. 2892, C. B. XIV–20, p. 10.

Section 183 of the Revenue Act of 1932 provides:

SEC. 183. COMPUTATION OF PARTNERSHIP INCOME.

The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual, except that the so-called

"charitable contribution" deduction provided in section 23 (n) shall not be allowed.

Under the theory advanced by petitioner, the last quoted section of the act would seem to be without real meaning or effect. To accept that theory we must conclude that Congress provided for the separate computation of partnership net income, but intended that the total so reached would be discarded and the individual items of gain or loss, income or deduction, would then be separated and each brought forward into the returns of the several partners, in the proportionate amounts of these partners' individual interests in profits, and there combined, in each case, with nonpartnership income and deductions, to arrive at the partners' net taxable income.

That conclusion necessarily rests upon the unreasonable assumption that the purpose and intent of Congress in the enactment of the last quoted section was to compel the doing of something wholly without significance in the computation of the tax imposed. That such assumption is unreasonable is supported by the fact that the taxing act has specifically provided that certain items of the partnership income be reflected in the partners' individual returns as if directly received by the latter. Thus section 184 of the Revenue Act of 1932 provides:

SEC. 184. CREDITS AGAINST NET INCOME.

The partner shall, for the purpose of the normal tax, be allowed as a credit against his net income, in addition to the credits allowed to him under section 25, his proportionate share of such amounts of dividends and interest specified in section 25 (a) and (b) as are received by the partnership.

If the position of petitioner be correct, the rights expressly granted by the quoted section would have existed even without this section. The provision would be mere statutory surplusage.

The applicable revenue act likewise expressly provides that other items of partnership income shall be accounted for, unaffected by interposition of the partnership return. These items include "earned income" under section 185, "capital gains and losses" under section 186, and "taxes of foreign countries and possessions of the United States" under section 187. Those specific grants of rights as to certain items of partnership income indicate that Congress intended the "General Rule", set out in sections 182 and 183, to be an exclusive method aside from the exceptions mentioned. As the Court said in *Botany Worsted Mills* v. *United States*, 278 U. S. 282: "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." See also *Paso Robles Mercantile Co.* v. *Commissioner*, 33 Fed. (2d) 653; certiorari denied, 280 U. S. 595.

Section 182 (a) of the Revenue Act of 1932 was amended, effective January 1, 1933, by section 218 (d) of the National Industrial Re-

covery Act, approved June 16; 1933, by the provision: "No part of any loss disallowed to a partnership as a deduction by section 23 (r) shall be allowed as a deduction to a member of such partnership in computing net income." This provision covers the converse of the situation here shown, but, in view of its background, just discussed, we think it only a clarification of then existing law. Cf. *Tiger* v. *Western Investment Co.*, 221 U. S. 286; *Cope* v. *Cope*, 137 U. S. 682.

Reviewed by the Board.

*Decision will be entered for the respondent.*

VAN FOSSAN and SEAWELL dissent.