EDWARD KLAUBER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79241. Promulgated September 22, 1936.

*N. Norman Mayer, Esq.*, for the petitioner.
*Irving M. Tullar, Esq.*, for the respondent.

### OPINION.

HILL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1932 in the amount of $3,001.12. The sole issue is whether or not petitioner is entitled, under the provisions of section 23 (r) of the Revenue Act of 1932, to apply his individual loss resulting from sales during the taxable year of stocks and securities, not capital assets, against his distributive share of partnership gain in the same year from sales of stocks and securities, not capital assets.

The facts were stipulated by the parties as follows:

During the year 1932, petitioner traded in stocks and other securities in his individual capacity.

During said calendar year, petitioner incurred a net loss of $21,398.13 through sales of stocks and other securities which had been held by him for a period of two years or less.

During the calendar year 1932, petitioner was a member of the partnership of Spero & Company, of 50 Broad Street, New York, New York, which likewise in said year traded (not as a dealer) in stocks and other securities.

During the said calendar year, said partnership derived a profit of $69,311.43 through the sale of stocks and other securities which had been held by it for a period of two years or less, of which petitioner's distributive share amounted to $34,186.75.

Said partnership also had income from other sources during the calendar year 1932.

Both petitioner and the partnership, Spero & Company, filed their income tax returns for the calendar year ended December 31, 1932.

In his income tax return for the calendar year 1932, petitioner in arriving at net taxable income applied the loss of $21,398.13, sustained by him in his individual sales of securities as an offset against his distributive share of the aforementioned partnership profit, such profits amounting to $33,311.75 as computed by petitioner and as reflected in the original return filed by the partnership, but actually amounting to $34,186.75 as finally and correctly determined by Commissioner.

In computing the deficiency as set forth in his deficiency notice, the Commissioner failed to allow petitioner's individual loss as a deduction or as an offset against petitioner's distributive share of the partnership profits.

The precise question presented in this case was considered and decided by us adversely to petitioner in *Percy H. Johnston*, 34

B. T. A. 276. On authority of that decision, which is controlling here, respondent's determination is approved.

*Judgment will be entered for respondent.*