**KLINGENSTEIN v. UNITED STATES.**

No. 43165.

Court of Claims.

April 26, 1937.

Thomas G. Haight, of Jersey City, N. J. (Robert H. Montgomery and J. Marvin Haynes, both of Washington, D. C., and James O. Wynn, Roswell Magill, and Thomas Tarleau, all of New York City, on the brief), for plaintiff.

J. W. Blalock, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The question presented is whether plaintiff was entitled to offset his individual losses amounting to $32,144.95, which arose from the sale of securities held by him for less than two years, against his share of the net income of the partnership of Wertheim & Co., of which he was a member, when the net profits of the partnership resulted from the sale of securities which the partnership had held for less than two years. We are of opinion that the plaintiff was not entitled to the deductions claimed.

In Archbald v. Commissioner, 27 B.T. A. 837, the government advanced the same contentions made by the plaintiff in the case at bar and, in deciding against the government, the Board said:

"It is clear, therefore, that a doctrinaire assertion that a partnership is not an entity affords no key to the determination. Congress has not taxed partnerships directly; but, apart from that, there is no reason to think that their existence was ignored.

or that for other purposes under the statute their legal character was not to be fully accepted. * * *

"Since, then, a partnership is treated sometimes as an entity and sometimes not, its nontaxation carries no implication of the measure of its income or that of the individual partners. It is clear from section 183 of the 1928 Act [26 U.S.C.A. § 183 and note] [which is the same as section 183 of the 1932 Act, 26 U.S.C.A. § 183 and note] and all its predecessors that partnership income was fully recognized as a unit figure, and that its computation proceeded from the same basis as if it were that of an individual. The basis of the partnership's gain is the capital investment or cost of the partnership, as it would be of an individual."

Later, in Johnston v. Commissioner, 34 B.T.A. 276, the Board considered and decided the exact question presented in the case at bar, and held that the taxpayer, who was a member of the partnership, was not entitled to offset his individual losses against the profits of the partnership. In reaching that conclusion, the Board at page 279 of 34 B.T.A., said:

"To accept that theory we must conclude that Congress provided for the separate computation of partnership net income, but intended that the total so reached would be discarded and the individual items of gain or loss, income or deduction, would then be separated and each brought forward into the returns of the several partners, in the proportionate amounts of these partners' individual interests in profits, and there combined, in each case, with nonpartnership income and deductions, to arrive at the partners' net taxable income."

Later, the same question was again decided in favor of the government in Klauber v. Commissioner, 34 B.T.A. 998, and Winmill v. Commissioner, 35 B.T.A. —— (Mar. 31, 1937). The judgment of the Board in Johnston v. Commissioner, supra, was affirmed by the Circuit Court of Appeals on December 7, 1936, 86 F.(2d) 732, 734. The decisions of the United States Board of Tax Appeals and of the Circuit Court of Appeals for the Second Circuit, and the cases cited above, with which we agree, fully answer every contention advanced by plaintiff in the case at bar.

Upon the authority of those cases, plaintiff's petition is dismissed. It is so ordered.