## COHN v. UNITED STATES.
### No. 43569.

Court of Claims.
May 31, 1938.

Wilbur H. Friedman, of New York City, for plaintiff.

George H. Foster, of Chicago, Ill., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The facts in the case are stipulated. It appears that during the year 1932 plaintiff sold certain stocks and bonds held less than two years which had cost $84,361.25. On some of the securities sold there was a profit of $4,147.42; on others, there was a loss of $21,325.87. When all the sales of stock made by plaintiff in that year were combined, there was a net loss from such sales of $17,178.45. The net loss although shown by the return was not taken as a deduction; but plaintiff, in due time, filed a claim for refund based thereon which was rejected and now brings this suit. There is no claim made by plaintiff's counsel that her income tax was not computed in accordance with the statute. The argument is that the provisions of the statute fixing a limitation on the allowance for stock losses are unconstitutional for reasons hereinafter stated. The particular provision attacked is found in section 23 of the Revenue Act of 1932 limiting with certain exceptions not here pertinent deductions for losses sustained from sales or exchanges of stocks or bonds, defined to be non-capital assets, to the extent of the gains from such sales or exchanges. Under this provision the plaintiff was not permitted to deduct the net loss sustained as shown above.

536

The contentions made on behalf of plaintiff are—

(1) That Section 23(r) of the Revenue Act of 1932 is unconstitutional because it levies a direct tax without apportionment;

(2) That Section 23(r) of the Revenue Act of 1932 violates the due process clause of the Fifth Amendment, U.S.C.A. Const. Amend. 5, because it discriminates between stocks and bonds and other property held less than two years;

(3) That Section 23(r) is invalid because it results in a tax at progressive rates on gross income.

■ The first objection—that the tax is levied without apportionment—manifestly cannot be valid as the amendment to the Constitution authorizing the income tax expressly provided that it might be imposed without apportionment among the States. U.S.C.A. Const.Amend. 16.

■ We do not think the second objection has any sound basis. The Supreme Court held in effect in the case of United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 81 L.Ed. 370, that Congress might segregate the income or profit from particular transactions and tax it separately without making any provision with reference to losses that might be sustained.

■ The case of Stewart Dry Goods Co. v. Lewis, 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054, is cited in support of the third objection, but we think if it has any application at all to the question involved in the instant case it supports the provisions of the statute now being considered. It will be observed that the tax involved in the case last cited was levied upon gross receipts instead of upon the amount of gain or profit, and the distinction between a graduated sales tax and a graduated income tax was made clear in the opinion.

Further discussion is rendered unnecessary by the well-reasoned opinion rendered in Davis v. United States, 2 Cir., 87 F.2d 323, certiorari denied, 301 U.S. 704, 57 S.Ct. 937, 81 L.Ed. 1359, in which all of the points now raised in argument on behalf of plaintiff were fully considered and the statute held constitutional. This opinion is further supported by Johnston v. Commissioner, 34 B.T.A. 276, affirmed 2 Cir., 86 F.2d 732, certiorari denied, 301 U.S. 683, 57 S.Ct. 784, 81 L.Ed. 1341, and Winmill v. Commissioner, 35 B.T.A. 804. Cf. Klingenstein v. United States, 85 Ct. Cl. 164, certiorari denied, 302 U.S. 716, 58 S.Ct. 37, 82 L.Ed. ——.

The petition of plaintiff must be dismissed, and it is so ordered.