## MOSBACHER v. UNITED STATES.
### No. 43916.

Court of Claims.
Jan. 8, 1940.

Ferdinand Tannenbaum, of New York City (Olvany, Eisner & Donnelly and Mark Eisner, all of New York City, on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

█ In this case plaintiff seeks to off-set certain losses which he claims he sustained in trading on the New York Curb Exchange against his profits therefrom. The issue is whether the losses were sustained by him individually or by an alleged partnerhip or joint venture of which plaintiff was a member. The answer depends on whether or not the association between plaintiff and certain men named Greenstein, Stern, and Schwartz was a partnership or joint venture or whether these men were employees of the plaintiff in the carrying out of the enterprise. If employees, the plaintiff is entitled to the deduction; if partners or associates in a joint venture, he is not. Joseph Klingenstein v. United States, 18 F.Supp. 1015, 85 Ct. Cls. 164, 165; Percy H. Johnston v. Commissioner, 2 Cir., 86 F.2d 732.

█ The evidence as to the agreement between the parties is meager and unsatisfactory. The agreement was oral. It shows that on a certain date plaintiff dissolved his association with certain men named Herman Schwartz and Hirschberg for the selling of securities short and on that date formed such an association with Greenstein, Stern, and Cecil Schwartz, those interested in the old association being paid for their respective interests therein.

708

With his new associates plaintiff made an arrangement to pay them 5 percent, 2 percent, and 2 percent of the profits, respectively. No mention was made as to whether any losses would be shared in by Greenstein, Stern and Schwartz.

All the associates were members of the New York Curb Exchange, but all business was transacted in plaintiff's name. Each of the associates had authority to exercise his own discretion in the purchase and sale of securities.

Plaintiff contributed all the capital for the operation of the business, and paid all expenses, but it does not appear definitely whether anyone other than the plaintiff was entitled to a share in the assets on dissolution. Possibly it may be inferred that others were so entitled since the plaintiff stated in an affidavit filed with the Bureau of Internal Revenue [Finding 7 (d)] that upon the dissolution of the old association and its being succeeded by the new, the retiring partners were paid for their respective interests.

The facts that plaintiff's associates were paid a percentage of the profits, that they transacted business in plaintiff's name, and were authorized to use their own discretion in the purchase and sale of the securities are consistent with either relationship, that of partners or that of employees. But if the parties had an interest in the assets on dissolution, this, plus the agreement to divide the profits, and the presumption from this agreement that they also were to share the losses, would require us to hold them not to have been employees, but partners. The evidence, however, is unsatisfactory.

In such a situation we must give more than usual weight to the characterization of the arrangement by the parties themselves. They, better than anyone else, knew the true nature of the association. If Greenstein, Stern, and Schwartz had been considered as employees, as contended, their salaries would have been deducted in reporting income from the enterprise. If they had been only employees, the profits from the venture would not have been described as profits from a joint venture in plaintiff's income tax return, nor would a separate partnership return have been filed. Also in two protests filed with the Bureau of Internal Revenue, on May 5, 1933, and September 29, 1934, plaintiff referred to the association as a partnership, and also in a claim for refund filed on September 13, 1933. In an affidavit filed on October 10, 1934, to which reference has been made before, plaintiff went more into detail and said a previous partnership had been dissolved and the present one organized.

 The plaintiff's explanation that these papers were filed by employees ignorant of, or careless about, the true nature of the enterprise is not convincing. He signed some of these documents himself, and must be presumed to have understood and to have vouched for the statements made therein.

 In view of his reiterated designation of the arrangement as a partnership and of the unconvincing nature of the other proof, we conclude the association was a partnership and, accordingly, that plaintiff is not entitled to the deduction.

It results that plaintiff's petition must be dismissed. It is so ordered.