JOHN L. GOODBODY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111853.  Promulgated September 16, 1943.

*Paul L. Peyton, Esq.*, for the petitioner.
*Arthur Groman, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN, *Judge:* The Commissioner determined an income tax deficiency of $1,337.53 for 1937.  He limited to $2,000 the deduction for losses sustained in the sale of capital assets, although the taxpayer's distributive share of gains of his partnership from the sale of capital assets was greater than $2,000.  The facts are all contained in a stipulation.

The taxpayer, a resident of Ridgewood, New Jersey, filed his 1937 income tax return in the fifth district of New Jersey.  He was a member of a New York brokerage partnership.  In 1937, in the sale for $558,803.89 of securities (stipulated to be capital assets as defined in section 117, Revenue Act of 1936) which had been acquired by him within a year prior to sale at a cost of $585,919.70, he sustained a loss of $27,115.81.  On June 16, 1937, in the sale for $4,164.16 of securities (capital assets) which had been acquired by him December 5, 1935, at a cost of $5,200, he sustained a loss of $1,035.84, of which 80 percent, or $828.67, was recognizable.

In the calendar year 1937 (its taxable year) the partnership had gains from the sales of securities (capital assets) of which $15,134.78 was taken into account in computing its net income, as required by section 117 (a).  The taxpayer's distributive share of these gains was $3,390.89, and he reported this amount on his 1937 individual return as income from the partnership.

The Commissioner made other adjustments and determined a deficiency, applying the limitation of $2,000 to the deduction for capital loss.  The taxpayer contests this limitation and demands that the deduction be increased to include the amount of his distributive share of the partnership gains.

Section 117 (d), Revenue Act of 1936, provides that losses from the sale of capital assets "shall be allowed only to the extent of $2,000 plus the gains from such sales  *  *  *"  The Commissioner has determined that the taxpayer may not offset against his distributive

share of the partnership income from the sale of capital assets his losses in excess of $2,000 from the sale of capital assets on his individual account. The effect of the Commissioner's position is that the loss shall be allowed only to the extent of $2,000, as if the statute did not increase the allowable deduction by the words "plus the gains from such sales." This, we think, is contrary to the statute, and can not be sustained. *Neuberger* v. *Commissioner*, 311 U. S. 83. This is not a case where the individual member of the partnership is seeking to utilize in his individual computation a portion of a partnership capital loss, for there was no such loss and the partnership had no occasion to employ it in computing its distributable income. As in the *Neuberger* case, the individual partner executed some of his transactions singly as an individual and some as a member of the partnership, and there is nothing in section 117 (d) which excludes his share of the partnership capital gains from the measure of the deduction for similar losses. The Supreme Court said in the *Neuberger* case: "Nowhere does there appear any intention to deny to a taxpayer who chooses to execute part of his security transactions in partnership with another the right to deductions which plainly would be available to him if he had executed all of them singly." The reasoning is equally applicable to capital gains and losses and to noncapital gains and losses. Plainly, the Court did not apply the conception that the partnership was a taxable entity in considering noncapital transactions, and we can see no reason to do so in respect of capital transactions. As long as the gains and losses under consideration are in the same class, the statute permits the deduction to offset the gain. Following the *Neuberger* decision, we hold that in computing the petitioner's deficiency or overpayment the Commissioner should properly have allowed the deduction of his loss to the extent of $2,000 plus his distributive share of the partnership capital gain.

*E. G. Wadel*, 44 B. T. A. 1042, does not require a different result. In that case the partnership sustained a loss but took no deduction for it on the partnership return. The individual partners, however, each took deductions up to the $2,000 limit. It was held that the deduction was properly to be taken by the partnership, by which it was sustained, and that the limitation of the statute was applicable to the partnership deduction. The net income thus determined was the basis of the distributive shares of the individual partners, and they could not again use the partnership loss to offset their individual incomes. This does not mean that the partnership was held, contrary to the recognized conception, to be a separate taxable entity in departure from the recognition of it as a tax computing means in the *Neuberger* case.

*Decision will be entered under Rule 50.*