THOMAS W. LAMONT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1419. Promulgated August 11, 1944.

*Josiah Willard, Esq.,* and *Walter S. Orr, Esq.,* for the petitioner.
*Scott A. Dahlquist, Esq.,* for the respondent.

1218

OPINION.

KERN, *Judge*: The only question presented is whether petitioner may offset against his personal capital gains his distributive share of capital losses of a partnership which are not themselves allowable to the partnership because of the limitation of section 117 (d), Revenue Act of 1936.[1] The allowable capital losses of the partnership were duly taken by it as deductions and also by petitioner to the extent of his share. All other issues are disposed of by concession or abandonment.

To state the question in issue with more particularity, it is whether, under the Revenue Act of 1936, the income of the partners and of the partnership is to be considered as so separate and distinct that the

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

(d) LIMITATIONS ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges.

partner's distributive share of losses of the partnership may not, beyond the limitation allowed by section 117 (d), be applied against the partner's individual gains to reduce the latter for tax purposes. The respondent's argument proceeds from the separation made by the revenue acts between ordinary income and capital gains, which has put them in separate categories for tax purposes; and the argument assumes, apparently, that a logical corollary of this separation is a like separation of the income of the partnership and that of the partner. This contention does not find any support either in particular provisions of the revenue acts or in the general concept of partnership income adopted by Congress in their enactment. The legislation's history need not be detailed here at length, but its broad outlines should be stated so as to make clear the opposing contentions.

In the Revenue Act of 1932 Congress, realizing in a period of general economic depression the growing tendency of taxpayers to offset against ordinary income their capital losses, sought to stop this drain on the revenue by enacting section 23 (r) (1), which restricted the deduction of losses from sales or exchanges of stocks or bonds which were not capital assets to gains from the same category. In the 1934 Revenue Act section 117 (d) imposed a similar limitation on losses from capital assets, except to the extent of $2,000. Neither of these acts laid any limitation on the offsetting of individual gains by partnership losses or otherwise indicated that these two classes of income, capital and ordinary, as received by the partnership should lose their identity when absorbed into that of the individual partners. Nor were there any clear indications in the statutes that the entity theory of partnerships had been adopted, although the partnership was required to make a return, for informational purposes only. On the contrary, section 181, in both acts, expressly provided that "individuals carrying on business in partnership shall be liable for income tax only in their individual capacity"; and section 182 required that there be included in the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership. So far, then, as the general theory of the revenue acts or express provisions were concerned, no authority existed for increasing the stringency of separation of the two classes of income, capital and ordinary, by application of a further restrictive separation between partnership income and the individual partner's income. In 1933, however, Congress in its unconstitutional National Industrial Recovery Act, by section 218 (d), amended section 182 (a) of the Revenue Act of 1932 by providing that "no part of any loss disallowed to a partnership as a deduction by section 23 (r) shall be allowed as a deduction to a member of such partnership in computing net income." This would cover the situation here, except that the disallowance applies to ordinary

losses and not capital losses. The 1934 and 1936 Revenue Acts, however, returned in their section 182 to the simpler form of the 1932 Act, without any such express limitation; and, since the National Industrial Recovery Act provision was an amendment only of the 1932 Act, it has no relevance here, except for conclusions on the general intent of Congress which may be drawn from it. For that purpose we shall return to it in a moment.

In 1940 the Supreme Court, in *Neuberger* v. *Commissioner*, 311 U. S. 83, clarified the law of the 1934 and 1936 Revenue Acts in so far as analogies may be drawn from its construction of section 23 (r) of the 1932 Act. There the taxpayer sought to deduct a net loss sustained in his individual noncapital transactions from partnership gains of the same character, and the Court allowed the deduction, reversing the Second Circuit Court and this Court, and sustaining the Fifth Circuit Court's decision in *Jennings* v. *Commissioner*, 110 Fed. (2d) 945. Section 23 (r) (1) was held to be no bar to the deduction, the Court saying:

\* \* \* It does not follow, however, and the language of the statute does not provide, either expressly or by necessary implication, that losses sustained in an individual capacity may not be set off against gains from identical though distinct partnership dealing. If the individual losses are actually incurred in similar transactions it cannot justly be said that the same deduction is taken a second time, or that the real purpose of the statute, which is ultimately to tax the net income of the individual partner, would thereby be impaired.

The Court went on to say "That the amendment of 1933 [above referred to] changed, and the Revenue Act of 1938 *restored* the law of 1932 as we have explained it is plain from the legislative history of the two Acts and of section 23 (r) (1)." (Italics ours.) The Court quoted in a footnote a portion of the Ways and Means Committee's Report on the 1938 Revenue Act (H. Rept. 1860, 75th Cong.), which affirms that:

\* \* \* The method of treatment provided in these sections of the bill is a logical corollary of the principle that only the partners as individuals, not the partnership as an entity, are taxable persons \* \* \*.

In *Mosbacher* v. *United States*, 311 U. S. 619, the Supreme Court, on the authority of *Neuberger* case, reversed, per curiam, the Court of Claims, 30 Fed. Supp. 703, which had denied the taxpayer the right to deduct losses sustained in trading on the New York Curb Exchange from his profits therefrom on the ground that the losses were those of a partnership or joint venture. The Court of Claims relied on the authority of the Second Circuit Court's decision in *Johnston* v. *Commissioner*, 86 Fed. (2d) 732. The act involved was again that of 1932, and the limitation was sought to be applied under section 23 (r).

The case covered a situation which is the converse of that considered by the Supreme Court in the *Neuberger* case and, consequently, covers the situation here, provided the rule of the Revenue Act of 1932 is

applicable in 1936. It is true that the Supreme Court did not, by words, extend the principle beyond the 1932 Act, and it even distinguished certain cases as "not decided under the Revenue Act of 1932"; but there is no reason founded in principle. or logic, in so far as we are able to perceive, which would require a different treatment of the two situations, nor anything in the 1936 Revenue Act which would forbid the application of the rule of cross deductions in either situation. It is true, also, that certain expressions may be found in the reports of committees of Congress indicating the idea that such a rule existed, but these can be fully explained by the assumption reasonably made at the time by individual members of Congress, on the basis of certain decisions in the lower courts before the Supreme Court's decision in 1940 of *Neuberger* v. *Commissioner, supra,* that cross deductions were not allowable. Section 117 (c) of the Revenue Act of 1936 was a corollary of and enacted for the same purpose as the earlier section 23 (r), but extended that provision's rule to losses from sales or exchanges of capital assets. Nothing inherent in the new provision suggests any wider construction of it than the Supreme Court has applied to section 23 (r), nor any alteration in the purpose of Congress, as we now understand it, through the Supreme Court's construction of the earlier section, to restrict losses to gains of the same category and to do that only. The slight variation in the technique of treatment of gains and losses introduced in the 1934 Act and followed in the 1936 Act has no bearing on the basic principle. Nor does the fact that the *Neuberger* case, and its sequel, the *Mosbacher* case, considered only ordinary income and not income from capital gains diminish the force of the principle of these cases as applicable to the capital gains and losses involved here. This last question, indeed, has already been decided in petitioner's favor by our decision in *John L. Goodbody,* 2 T. C. 700; where we allowed the offsetting of individual capital losses against partnership capital gains, the converse of the situation here. The Second Circuit Court's decision in *Jennings* v. *Commissioner, supra,* cited by the Supreme Court in the *Neuberger* case, and our decision in *Wm. H. Joseph,* 43 B. T. A. 273, although both involved offsetting individual gambling losses, under the restrictions of section 23 (g) of the Revenue Act of 1936, against partnership gambling gains, and, therefore, are not controlling here, afford an analogy in support of our conclusion here.

The respondent relies strongly on our decision in *E. G. Wadel,* 44 B. T. A. 1042, which involved 1937 income and in which the partnership failed to take any deduction for its allowable loss on its partnership return. The individual partners claimed such losses on their own returns up to the $2,000 limit on capital losses, and we disallowed these individual claims. We need not examine here in detail the

reasoning of that case, which has already been distinguished in *John L. Goodbody, supra,* beyond pointing out that its decision can be fully supported by the fact (stated in the findings at p. 1044) that the taxpayer and his wife sought to offset against their individual ordinary income their distributive share of the partnership's net capital loss—obviously a claim unallowable on grounds entirely distinct from those involved here. The language of the opinion (at p. 1046) to the effect that, in the 1934 and 1936 Revenue Acts, "Congress plainly intended that a partner should not have as a deduction against his individual income any capital loss of the partnership," must be read in the light of the facts involved, and it is not intended to state any new principle or to limit section 117 (d) in a way which the Supreme Court has clearly said can not be imposed on its correlative section 23 (r).

A word may be added on the views of the committees of Congress which have considered revenue acts after that of 1932. In the House Report on the Revenue Act of 1934 (H. Rept. 704, 73d Cong., pp. 17–18), which is, in its relevant partnership provisions, the same as that of 1936, but introduced the new section 117 (d), there is this significant statement:

\* \* \* Under the bill, the partnership will be permitted to deduct losses on the sale of capital assets only to the extent of gains from such sales (sec. 117 (d)). Thus the partnership can have no capital net loss and therefore the partners can have no deduction on account of any capital loss of the partnership. In this way the main source of the tax avoidance by banking and security partnerships in the past can be eliminated.

In the House Report on the 1936 Revenue Act nothing of relevance appears. In the House Report on the 1938 Revenue Act, however, from which we have already quoted in part, it is assumed by the committee that it is making "a departure from the principle adopted in the Revenue Acts of 1934 and 1936" in applying "the principle that only the partners, as individuals, not the partnership, as an entity, are taxable persons," and therefore, the cross deductions between partnership and partner may be allowed. Needless to say, the opinion of a committee of another Congress can have no bearing on the proper interpretation of an act; and under proper rules of construction even the opinion of a committee of the Congress passing the act upon its meaning can be resorted to only to resolve some ambiguity in the statute itself. The reasonableness of the committee's view on the 1936 Revenue Act, however, as of that time, has been well and succinctly dealt with by petitioner on brief, and we can do no better than to quote a relevant passage from his reply brief here, which we think finally disposes of any seeming anomaly between the Supreme Court's construction of the 1932 Act, which we have adopted as applicable to the 1936 Revenue Act here considered, and legislative views of a different character:

The [Tax] Court in the Wadel case also referred to the Ways and Means Committee Report in connection with the Revenue Act of 1938. It is true that the language of this report does indicate that the writers thereof thought that under the 1934 and 1936 Act partnership capital losses could not be offset against individual capital gains. This belief undoubtedly is accounted for by the fact that at the time the committee report was written on March 1, 1938, the decisions of the lower courts on the question involved in the Neuberger and Mosbacher cases stood in the law reports unreversed and the committee draftsmen naturally accepted the lower court decisions on the question as representing a correct version of the law, and failed to anticipate the overruling of these decisions by the Supreme Court in the Neuberger and Mosbacher cases. Prior to these Supreme Court decisions in 1940 it was generally believed that in computing the income of partners and partnerships under the 1932 Act, noncapital security losses of the partnership could not be offset against the partners' noncapital security gains in view of the limitation imposed by section 23 (r) (1) of the 1932 Act. This position was taken by the Treasury Department in 1935 in G. C. M. 14012, XIV–1, C. B. 145 and I. T. 2892, XIV–1, C. B. 148. This position was supported by the decision of this Court in *Percy Johnston*, 34 B. T. A. 276 decided in April 1936 which was affirmed by the influential Second Circuit Court of Appeals in *Johnston* v. *Commissioner*, 86 F. (2d) 732, decided in December 1936 and in which certiorari was denied, 301 U. S. 683. The decision in the *Johnston* case was accepted as law and was followed by the Court of Claims in *Klingenstein* v. *United States*, 18 F. Supp. 1015, decided in 1937 and by this Court in the *Neuberger* case, 37 B. T. A. 223, decided on January 22, 1938, just a month before the Ways and Means Committee Report on the 1938 Act.

In spite of the language of congressional committees and of the Supreme Court in the *Neuberger* case above referred to, we can not, in logic, construe the decisions in the *Neuberger* and *Mosbacher* cases, and the revenue acts in such a way as to justify a conclusion that under the 1936 Revenue Act partnership capital losses may not be offset against individual capital gains, when it is clear that they may be under the 1932 and 1938 Acts, and no material differences appear in any of the Revenue Acts from 1932 to 1938 which affect the taxation of partnership income.

We, consequently, hold that petitioner should have been allowed to offset his partnership capital losses against his individual capital gains in the transactions here involved.

*Decision will be entered under Rule 50.*